OPINION
{¶ 1} Michael B. Buhrman is appealing from the decision of the Montgomery County Common Pleas Court denying Buhrman's post conviction relief petition by granting summary judgment to the State.
 {¶ 2} Buhrman brings to us the following assignments of error:
 {¶ 3} "Assignment Of Error No. One: The Trial Court Violated The Appellant's Fifth, Sixth And Fourteenth Amendment Rights When It:
 {¶ 4} "1. Granted The Appellee's [sic] Summary Judgment Relief While There Remained Genuine Issues Of Material Facts In Dispute.
 {¶ 5} "II. Accepted The Appellee's Mere Opinion That The Appellant Had Breached The Terms Of The Plea Agreement By Failing To Cooperate As Agreed To, Without Requiring The Appellee's [sic] To Establish Any Alleged Breach By A Preponderance Of The Evidence.
 {¶ 6} "III. Failed To Conduct A Hearing During The Post-conviction Proceedings Pertaining To The Alleged Breach Of The Plea Agreement By The Appellant.
 {¶ 7} "IV. Denied The Appellant The Opportunity To Invoke, And/or Conduct, Limited Discovery On The Specific Issue Of The Appellant's Cooperation.
 {¶ 8} "Assignment Of Error No. Two: The Appellee's [sic] Violated The Appellant's Fifth, Sixth And Fourteenth Amendment Rights When They Failed To Adhere [sic] The Terms Of The Plea Agreement."
 {¶ 9} The facts of this case, the guidelines to be used in considering a motion for summary judgment, and the trial court's reasoning in granting summary judgment to the State are all concisely set forth in its decision, as follows:
 {¶ 10} "FACTS
 {¶ 11} "On February 9, 1993, Michael Buhrman (hereinafter `Defendant') appeared in open court with his trial counsel and, pursuant to an agreement enunciated into the record, entered pleas of guilty, under this case number, to: Engaging in a Pattern of Corrupt Activity, Traffficking in Marijuana, Felonious Assault, Aggravated Trafficking, Receiving Stolen Property, Failure to Deliver a Certificate of Title, another count of Receiving Stolen Property and another count of Failure to Deliver a Certificate of Title. These were, respectively, Counts 1, 6, 7, 9, 12, 13, 15, 16, and 17 of a nineteen (19) count indictment. The plea agreement into which Petitioner entered also concerned homicide charges pending in Greene County, Ohio, to which Petitioner later pled guilty.
 {¶ 12} "Part of the plea agreement was that if the Defendant `fully cooperated' and if he would `provide truthful and complete' information of his knowledge of illegal activity, the `State would write a factual account of the Defendant's full cooperation and present that to the Parole Board and ask that the Defendant's full cooperation be given consideration in his application when he comes up for parole.' (Tr. Plea Agreement at 26). There was nothing in the plea agreement to suggest that any state or federal representative would write a favorable letter or recommend parole for the Defendant. Rather the letters to be sent to the parole board were to explain the Defendant's full cooperation, if he in fact had cooperated, and to ask that the Parole Board look favorably on his cooperation.
 {¶ 13} "At the time of the pleas in the Montgomery County case, the trial court held an extensive Crim.R. 11 hearing. Again, Petitioner was present, as were his trial counsel.
 {¶ 14} "Standard Of Review
 {¶ 15} "In Harless v. Willis Day Warehousing Inc. (1978),54 Ohio St.2d 64, the Ohio Supreme Court stated that for summary judgment to be appropriate, it must appear that:
 {¶ 16} "(1) There is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Id. at 66; see also Ohio R. Civ.P. 56(C). Furthermore, the moving party has the burden of showing that there is no genuine issue as to any material fact. Harless, 54 Ohio St.2d at 66.
 {¶ 17} "The Harless Court also noted that Ohio R. Civ.P. 56(E) requires a party opposing a summary judgment motion to show specific facts demonstrating that there is a genuine issue of material fact. Id.
at 65-66. Moreover, in a motion for summary judgment a non-movant may not rest on the mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial. VanFossen v. Babcock Wing Co. (1988), 36 Ohio St.3d 100, 117. A trial court must examine all appropriate materials filed before ruling on a motion for summary judgment. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358.
 {¶ 18} "Ohio R. Civ.P. 56(C) contains an inclusive list of the materials to be considered. `[T[he pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action' are the only appropriate materials a court may examine. Ohio R. Civ.P. 56(c); Dresher v. Burt (1996), 75 Ohio St.3d 280,292-93. In considering this motion for summary judgment, inferences drawn from the underlying facts will be viewed in a light most favorable to the non-moving party. Id. at 359; see also Osborne v. Lyles (1992),63 Ohio St.3d 326, 333.
 {¶ 19} "Motions for summary judgment are appropriate for a petition for post-conviction relief, which is a civil proceeding. R.C. § 2953.21(D). The Ohio statute which governs post-conviction relief actions, R.C. § 2953.21, does not mandate an automatic hearing for every post-conviction relief petition which is filed with a court. The pivotal concern is whether substantive grounds for relief exist such that a hearing is warranted. See State v. Jackson (1980), 64 Ohio St.2d 107. Before granting a hearing on petitions for post-conviction relief, the court shall consider `all the files and records pertaining to proceedings against the Petitioner.' R.C. § 2953.21(C), (E).
 {¶ 20} "Moreover, Ohio law is clear that, before a hearing is granted in proceedings for post-conviction relief, the defendant bears the initial burden of producing documents which contain sufficient operative facts to demonstrate that a genuine issue of material fact exists. State v. Jackson (1980), 64 Ohio St.2d 107. Broad conclusory statements are insufficient to warrant an evidentiary hearing on a petition for post-conviction relief. State v. Pankey (1981),68 Ohio St.2d 58. In State v. Stahl (July 26, 1995), Montgomery Cty. App. No. CA 14700, 1995 WL 442476, unreported, the Court reiterated the Defendant's burden:
 {¶ 21} "A trial court may deny a petition for post-conviction relief without a hearing where the petitioner fails to present any evidentiary material other than his own affidavit, and the record contradicts, or at least does not support, the petitioner's contention.State v. Kapper (1983), 5 Ohio St.3d 36. The essential principle, as we understand it, is that where a petitioner's asserted grounds for relief are belied by the record, or at least not supported by the record, there must be some corroborating evidence to support the petitioner's claim before the petitioner is entitled to a hearing. Id.
 {¶ 22} "Law And Analysis
 {¶ 23} "The Defendant claims that the plea agreement into which he entered was breached because the various Governmental Agencies involved did not send letters of `Favorable Consideration,' as promised, to the Parole Board, and that as a result, his rights under the Fifth andFourteenth Amendments to the United States Constitution have been violated. Initially, the Court notes that the Defendant's perception of the Government's plea agreement obligations is incorrect. He argues that the Government agencies were required to send letters of favorable consideration, insinuating that these agencies would recommend parole. The plea agreement only requires these agencies to ask the Parole Board to favorably take into account the Defendant's cooperation and to submit a factual account of the Defendant's cooperation if the Defendant did in fact cooperate as he was expected to under the plea agreement. The Plaintiff has moved for summary judgment based on the belief that the Defendant has breached the plea agreement, thus releasing the state and federal parties to the agreement of their obligations to send letters to the Parole Board on behalf of the Defendant. There is no factual information properly before the Court to demonstrate that the Defendant fully, completely and truthfully cooperated after his plea.
 {¶ 24} "The Defendant has filed several affidavits, however, they are not sufficient to establish that a genuine issue of material fact exists as to whether he fulfilled his obligations under the plea agreement. In the affidavit attached to the Defendant's Motion filed on February 5, 2002, the Defendant states that there is no evidence that he breached the agreement; but he does not state that he did not breach the agreement. Furthermore, in the Defendant's affidavit attached to the Defendant's Opposition to the Plaintiff-Respondent's Motion for Summary Judgment filed on March 13, 2002, the Defendant states that he undertook full cooperation and details the exact nature of his cooperation. However, the affidavit of Robert F. Smith, Assistant Attorney General who was involved in the Defendant's prosecutions, contradicts any claim that the Defendant fully cooperated. This affidavit clearly demonstrates that Buhrman did not fully and truthfully cooperate. Smith found `Buhrman was manipulating evidence and testimony.' (Aff. Robert F. Smith at ¶ 25). This manipulation was confirmed in recorded telephone conversations between the Defendant and his wife. The Defendant has not disputed this affidavit evidence. Therefore, the Defendant's Petition should be denied because there is not sufficient evidence before the Court to raise a genuine issue as to material fact about whether or not the Defendant complied with the plea agreement.
 {¶ 25} "Additionally, the Defendant complains that adverse letters have previously been sent to the Parole Board. These matters were addressed in Defendant's prior Post-Conviction Relief Motions and appeals from both Montgomery and Greene Counties, and are, therefore, already decided. Nonetheless, the adverse letters do not constitute a breach of the plea agreement on the part of the state and federal governments. There is no evidence that the letters were not entirely truthful and the plea agreement did not restrict Montgomery and Greene Counties to sending letters dealing with the Defendant's cooperation.
 {¶ 26} "The Defendant argues that the matter of his breach of the agreement was not fully litigated, and therefore, the State should follow the agreement. The agreement does state that the State reserves the right to litigate questions of the Defendant's cooperation, and that litigation is required to set aside the agreement. However, the plea agreement has not been set aside, and is still in effect, but Buhrman has not followed it. The plea agreement provides that, as a condition of the state and federal representatives sending letters to explain the Defendant's cooperation, the Defendant must fully cooperate. Therefore, pursuant to the terms of the plea agreement, because there is undisputed evidence that the Defendant has not fully cooperated, the agencies were not required to send letters to the Parole Board. Therefore, the state has not breached the plea agreement by sending negative letters to the parole board.
 {¶ 27} "Conclusion
 {¶ 28} "For the reasons detailed herein, the State's Motion for Summary Judgment is SUSTAINED, and the Petition to Vacate or Set Aside Sentence is DISMISSED."
 {¶ 29} Initially, we note that one of the arguments advanced by the State to the trial court before its decision was that the petition for post conviction relief should be dismissed because it is untimely. The State presented cogent reasons for this argument, but the trial court ignored that issue and chose to decide the case on its merits. On appeal, the State has not advanced the untimeliness argument and we shall, therefore, also ignore it.
 {¶ 30} Because an appellate court reviews a summary judgment decision de novo, we have read the entire record before us on appeal, including all the briefs and memoranda by the parties and such exhibits and affidavits as are attached thereto and presented to the trial court. The trial court itself specifically dealt with the issues raised by his first two arguments under his assignment of error number one and his assignment of error number two. As to the latter, the court pointed out that the State has continued to adhere to the terms of the plea agreement even though Buhrman has breached the agreement himself. That fact was established by affidavits of specific factual matters, not the "mere opinion" of the State.
 {¶ 31} As to the failure of the trial court to conduct a hearing on the matter, we recognized in our decision affirming the denial of Buhrman's first motion for post conviction relief that trial courts are permitted to dispose of post conviction claims on summary judgment, without a hearing, when the defendant fails to present sufficient evidentiary materials containing operative facts in support of his or her claims. (Citations omitted). We also stated there that "one instance where a defendant fails to present sufficient evidentiary material is when the defendant merely submits his or her own affidavit to contradict the record." (Citations omitted). State v. Buhrman (Sept. 12, 1997), Greene App. No. 96 CA 145. The trial court here specifically recognized that Buhrman did not counter the State's argument with specific factual allegations that raised a disputed issue of material facts.
 {¶ 32} As to the argument raised by Buhrman under his first assignment of error that the trial court erred in denying him the opportunity to conduct discovery, we note that his motion to allow him to conduct discovery was never explicitly ruled on by the court, but it is clear law that the failure to rule on a motion is generally treated as if the court has overruled it. State ex rel. Cassels v. Dayton City SchoolDist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 223. The Ohio Supreme Court has made it clear that "there is no requirement of civil discovery in post conviction proceedings." State ex rel Love v. Cuyahoga Cty.Prosecutor's Office (1999), 87 Ohio St.3d 158, 159. This court itself reached the same conclusion in State v. Chinn (Aug. 21, 1998), Montgomery App. No. 16764, in affirming the trial court's denial of Chinn's motion for discovery.
 {¶ 33} Finally, we note that Buhrman complains that he was not given a polygraph test on the issue of his compliance with the plea agreement. The State points out in its brief on appeal that the polygraph test would be part of any litigation which must be undertaken before the federal government could set aside the plea agreement and pursue federal charges against Buhrman, and since neither the federal government nor the state has moved to set aside the plea agreement, the issue of a polygraph examination is not relevant.
 {¶ 34} As to all other matters and issues raised by Buhrman, we find that the trial court concisely and completely answered them. We hereby approve and adopt its opinion as our own.
 {¶ 35} The assignments of error are overruled and the judgment is affirmed.
FAIN, P.J. and WOLFF, J., concur.