THE STATE EX REL. KUCZAK *v.* SAFFOLD, JUDGE, ET AL.

[Cite as *State ex rel. Kuczak v. Saffold* (1993), 67 Ohio St.3d 123.]

(No. 92–901—Submitted May 18, 1993—Decided August 11, 1993.)

124

*Konrad Kuczak, pro se.*

*Danny R. Williams,* Director of Law, and *Joseph J. Jerse,* Assistant Director of Law, for respondents.

---

*Per Curiam.* According to *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus:

"In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. (*State ex rel. Harris v. Rhodes,* 54 Ohio St.2d 41 [8 O.O.3d 36, 374 N.E.2d 641].)"

Under *State ex rel. Tillimon v. Weiher* (1992), 65 Ohio St.3d 468, 605 N.E.2d 35, the court presumes the regularity of trial court proceedings and will not issue a writ of mandamus to compel the observance of laws generally. Moreover, under that case and R.C. 2731.03, mandamus cannot control judicial discretion.

As to Bonnano, Kuczak, in two of the prayers for relief, seeks to require Bonnano to follow laws generally. As to the remaining prayer, Bonnano has complied by providing Kuczak with a copy of the local rules. Thus, we deny a writ requiring Bonnano to perform the requested acts.

As to Saffold, Kuczak, for the most part, seeks to require her to follow laws generally. Furthermore, she has complied with Kuczak's request that she rule on all the motions. Concerning Kuczak's request that she grant his motions, we cannot control her discretion. In any event, he has an adequate remedy at law by appealing her rulings.

The final request we address is Kuczak's demand that Saffold lift the *capias.* We conclude that she has no clear legal duty to do this.

R.C. 2937.29 authorizes the release of a defendant on his personal recognizance. Traf.R. 4(B) and Crim.R. 46 also permit releasing a traffic defendant on his or her personal recognizance. Under Cleveland Mun.Ct.R. 15, Schedule A, Section A, a traffic defendant may be released on personal bond. Auble apparently was so released. However, R.C. 2937.43 provides:

"Should the accused fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code, the court having jurisdiction at the time of such failure may, in addition to any other action provided by law, issue a warrant for the arrest of such accused."

Moreover, Traf.R. 7 authorizes the court to issue a supplemental summons or warrant if a defendant fails to appear pursuant to a ticket issued to him. *Oakwood v. Wuliger* (1982), 69 Ohio St.2d 453, 455–456, 23 O.O.3d 398, 400, 432 N.E.2d 809, 811–812.

Auble failed to appear at trial and has taken no steps to correct this failure. Thus, Saffold had the authority to issue the *capias,* and Kuczak has not established that she had a clear legal duty to lift it. Accordingly, we deny the writ as to Saffold.

*Writ denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.