THE STATE EX REL. FLAGNER, APPELLANT, *v.* ARKO, APPELLEE.

[Cite as *State ex rel. Flagner v. Arko* (1998), 83 Ohio St.3d 176.]

(No. 98–487—Submitted July 15, 1998—Decided September 23, 1998.)

*Hbrandon Flagner, pro se.*

*Michael G. Ciaravino & Associates* and *Michael G. Ciaravino,* for appellee.

---

***Per Curiam.*** Flagner asserts that the court of appeals erred in denying the writ of mandamus. For the following reasons, however, we find Flagner's assertion meritless and affirm the judgment of the court of appeals.

Initially, Detective Arko had no duty under Crim.R. 16 to provide the requested evidence. Crim.R. 16(B) requires the prosecuting attorney, not a police detective, to provide certain evidence in criminal discovery. Crim.R. 16(D) imposes a continuing duty to disclose on the state "prior to or during trial." It had been over ten years after the conclusion of Flagner's trial when he sought extraordinary relief in mandamus under Crim.R. 16.

In addition, the summary judgment evidence introduced by Detective Arko established that the state, through the prosecuting attorney, fully complied with Crim.R. 16 by providing Flagner with all relevant and exculpatory evidence prior to his criminal trial. When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts establishing the existence of a genuine triable issue. *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199. After Detective Arko's filing and notice that the court had converted the filing into a motion for summary judgment, Flagner rested on the mere allegations of his pleading and failed to file Civ.R. 56 evidence setting forth specific facts to support his claim. See, also, *Salem v. Salem* (1988), 61 Ohio App.3d 243, 246, 572 N.E.2d 726, 728, where the court noted that "[a] newspaper article alone is not evidence of operative facts which might support a Civ.R. 60(B) motion [for relief from judgment]." In fact, the attachments to Flagner's complaint include a defense attorney's opinion that Flagner's "evidence" was insufficient to vacate his conviction and obtain a new trial.

Finally, Flagner erroneously relies on our decision in *State ex rel. Carpenter v. Tubbs Jones* (1995), 72 Ohio St.3d 579, 651 N.E.2d 993, to support his contention that he is entitled to the records he claims are in Detective Arko's possession. *Carpenter* is a public records case brought under R.C. 149.43, Ohio's Public Records Act, which Flagner does not rely on here. See *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 208, 680 N.E.2d 985, 987. Further, following *Carpenter,* we held that records discoverable under Crim.R. 16 are not thereby subject to release as a public record under R.C. 149.43. *Id.,* citing *State ex rel. WHIO–TV–7 v. Lowe* (1997), 77 Ohio St.3d 350, 673 N.E.2d 1360, syllabus.

Based on the foregoing, the court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.