OPINION
Relator has requested by letter that respondent assistant prosecuting attorney copy "the examination report done on my vehicle as part of the investigation" which led to relator's prosecution and conviction in State v. Penn, Cuyahoga County Court of Common Pleas Case No. CR-284542. In this action, relator requests that this court compel respondent to provide relator with a copy of the report. He also requests that this court compel "disclosure of evidence if there was, favorable to the accused, of that of a kung fu knife, or fighting knife having a double edge blade with black sheath." Complaint.
Relator argues that Crim.R. 16(B)(1)(c) requires that respondent provide a copy of the report as well as "disclosure of evidence." Respondent has filed a motion for summary judgment.
 Unfortunately, the motion does not adequately address the claim stated in relator's complaint. Furthermore, although this motion is denominated as a "motion for summary judgment," it does not rely on matter outside the pleading. Compare Civ.R. 56 and 12. As a consequence, respondents motion for summary judgment must be denied.
State ex rel. Smith v. Sutula (May 1, 1996), Cuyahoga App. No. 70390, unreported. Likewise, in this action, respondents motion for summary judgment does not rely on matter outside the pleading and must be denied.
Nevertheless, we dismiss this action sua sponte for failure to state a claim upon which relief can be granted.
This court affirmed relator's conviction in State v. Penn (May 26, 1994), Cuyahoga App. No. 65234, unreported. Obviously, relator's trial occurred several years ago. This court has previously noted that the "continuing duty to disclose" in Crim.R. 16 applies "prior to or during trial," Crim.R. 16 (D), and that it is "doubtful" that mandamus lies to compel discovery years after a trial and conviction. State ex rel. Flagner v. Arko
(Feb. 5, 1998), Cuyahoga App. No. 72779, unreported, at 8-10, affirmed State ex rel. Flagner v. Arko (1998), 83 Ohio St.3d 176,699 N.E.2d 62. Likewise, we dismissed an action in mandamus in which the relator argued, inter alia, that Crim.R. 16 required that we compel the prosecutor to provide various records to relator. State ex rel. Delgado v. Court of Common Pleas (Feb. 5, 1998), Cuyahoga App. No. 73341, unreported, at 7-8.
At this time, years after relator's trial, Crim.R. 16 does not establish a clear legal duty for respondent to provide the requested items. Accordingly, we dismiss this action sua sponte.
Relator to pay costs.
Writ dismissed.
 ANN DYKE, J., CONCURS.
JAMES M. PORTER, ADMINISTRATIVE JUDGE.