[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 158.]

THE STATE EX REL. LOVE, APPELLANT, *v*. CUYAHOGA COUNTY PROSECUTOR'S OFFICE ET AL., APPELLEES.

[Cite as *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 1999-Ohio-314.]

*Mandamus sought to compel Cuyahoga County Prosecutor's Office to provide relator certain records relating to his concluded criminal trial—Denial of writ affirmed, when.*

(No. 99-969—Submitted September 21, 1999—Decided November 10, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 75740.

————————————

{¶ 1} In 1981, appellant, Edsel Love, was convicted of voluntary manslaughter and aggravated robbery and was sentenced to prison.

{¶ 2} In 1998, Love filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellees, the Cuyahoga County Prosecutor's Office and the Cuyahoga County Prosecuting Attorney, to provide certain records, including any ballistics and autopsy reports, relating to his criminal trial. Appellees had denied his repeated requests for these records. Love claimed that he was entitled to these records because they constituted exculpatory evidence that he needed to support his petition for postconviction relief. Love asserted that he was not requesting these records under R.C. 149.43, Ohio's Public Records Act, but was instead simply relying on the general mandamus statute, R.C. 2731.01. Appellees filed an answer and a motion for summary judgment. The court of appeals granted appellees' motion and denied the writ.

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*Edsel Love, pro se.*

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Diane Smilanick*, Assistant Prosecuting Attorney, for appellees.

––––––––––––––––––

***Per Curiam.***

**{¶ 4}** Love asserts that the court of appeals erred in denying the writ. For the following reasons, Love's contentions lack merit.

**{¶ 5}** As the court of appeals concluded, Love cited no authority entitling him to the requested records. A writ of mandamus will not be issued to compel the general observance of unspecified laws. See, *e.g., State ex rel. Kuczak v. Saffold* (1993), 67 Ohio St.3d 123, 125, 616 N.E.2d 230, 232. In fact, there is no requirement of civil discovery in postconviction proceedings. See *State v. Spirko* (1998), 127 Ohio App.3d 421, 429, 713 N.E.2d 60, 65, discretionary appeal not allowed (1998), 83 Ohio St.3d 1430, 699 N.E.2d 946; *State v. White* (June 16, 1999), Summit App. No. 394938, unreported, 1999 WL 394938.

**{¶ 6}** In addition, Love is not entitled to the requested records under the Crim.R. 16 criminal discovery provisions because his criminal trial concluded long before his requests. *State ex rel. Flagner v. Arko* (1998), 83 Ohio St.3d 176, 177, 699 N.E.2d 62, 63; Crim.R. 16(D).

**{¶ 7}** Finally, Love disclaimed any right to relief under R.C. 149.43. *Flagner*, 83 Ohio St.3d at 177, 699 N.E.2d at 63.

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––