THE STATE EX REL. LOVE, APPELLANT, *v.* CUYAHOGA COUNTY
PROSECUTOR'S OFFICE ET AL., APPELLEES.

[Cite as *State ex rel. Love v. Cuyahoga Cty. Prosecutor's
Office* (1999), 87 Ohio St.3d 158.]

(No. 99–969—Submitted September 21, 1999—Decided November 10, 1999.)

*Edsel Love, pro se.*

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Diane Smilanick,* Assistant Prosecuting Attorney, for appellees.

---

*Per Curiam.* Love asserts that the court of appeals erred in denying the writ. For the following reasons, Love's contentions lack merit.

As the court of appeals concluded, Love cited no authority entitling him to the requested records. A writ of mandamus will not be issued to compel the general observance of unspecified laws. See, *e.g., State ex rel. Kuczak v. Saffold* (1993),

67 Ohio St.3d 123, 125, 616 N.E.2d 230, 232. In fact, there is no requirement of civil discovery in postconviction proceedings. See *State v. Spirko* (1998), 127 Ohio App.3d 421, 429, 713 N.E.2d 60, 65, discretionary appeal not allowed (1998), 83 Ohio St.3d 1430, 699 N.E.2d 946; *State v. White* (June 16, 1999), Summit App. No. 394938, unreported, 1999 WL 394938.

In addition, Love is not entitled to the requested records under the Crim.R. 16 criminal discovery provisions because his criminal trial concluded long before his requests. *State ex rel. Flagner v. Arko* (1998), 83 Ohio St.3d 176, 177, 699 N.E.2d 62, 63; Crim.R. 16(D).

Finally, Love disclaimed any right to relief under R.C. 149.43. *Flagner*, 83 Ohio St.3d at 177, 699 N.E.2d at 63.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.