OPINION AND JOURNAL ENTRY
On April 5, 2000, relator, Ronald James Reed, acting pro se, filed this original mandamus action to compel respondent, Jefferson County Court of Common Pleas Judge Joseph J. Bruzzese, to rule on relator's pending Motion to Modify/Reduce Sentence. The record inferentially discloses that on April 25, 2000, Judge Bruzzese overruled Reed's motion to modify along with a multitude of other then pending motions.
Jurisdiction of the courts of appeals in hearing original mandamus actions is grounded in The Ohio Constitution, Article IV, Section 3 and R.C. 2731.02. Article IV, Section 3 (B) (1) provides in pertinent part: "The courts of appeals shall have original jurisdiction in the following: * * * (b) Mandamus; * * *." R.C.2731.02 provides in pertinent part: "The writ of mandamus may be allowed by the supreme court, the court of appeals, or the court of common pleas and shall be issued by the clerk of the court in which the application is made."
For a writ of mandamus to issue, the relator must demonstrate: (1) that the relator has no plain and adequate remedy in the course of law; (2) that the respondent is under a clear legal duty to perform some act or acts; and (3) that relator has a clear legal right to the relief prayed for. See State ex rel.Berger v. McMonagle (1983), 6 Ohio St.3d 28. See, also, R.C.2731.05.
Respondent, represented by the office of the Jefferson County Prosecutor, in his motion to dismiss, avers that: relator fails to state a claim upon which relief can be granted; and specifically, that relator's claim is rendered moot by the April 25, 2000, order overruling relator's motion. That order reads in pertinent part: "The Court has considered the multitude of motions and requests filed by Defendant Pro Se and currently pending. None of these motions or requests are well-taken and all are over-ruled."
It has long been determined that a writ of mandamus will not issue to compel an act that has already been performed. See Stateex rel. Eads v. Callahan (1998), 82 Ohio St.3d 405, State ex. relJerninghan v. Cuyahoga Cty. Court of Common Pleas (1996),74 Ohio St.3d 278, and, State ex rel. Gantt v. Coleman (1983),6 Ohio St.3d 5.
It is clear from the record that respondent has ruled on relator's pending motion. It is equally clear that relator requested this court to compel an act that has already been performed. Resultantly, this court must dismiss relator's petition.
Relator next contends that respondent should grant his motion to release him from his incarceration based upon a sentencing agreement between relator and Jefferson County Common Pleas Judge John Mascio.
The history of this case reflects that Judge Mascio imposed upon relator an indefinite 10 to 25 year term of incarceration. Relator contends that Judge Mascio promised his release in eight years and some months if actual incarceration was not imposed. Relator also contends that Judge Mascio did not impose a term of actual incarceration. Relator further contends he would not have pled guilty had he known that Judge Mascio would not honor his promise.
It must be noted that courts are not required to accept as true assertions which are not supported with admissible evidence. Relator has not supported his contentions nor demonstrated a right to relief.
In a mandamus action a court of appeals can require an inferior court to exercise its judgment, or proceed to the discharge of its functions, but it cannot control the discretion of the trial court. See R.C. 2731.03. See, also, State ex rel.Kuczak v. Saffold (1993) 67 Ohio St.3d 123, 125 (Where the Ohio Supreme Court held that it could not usurp the discretion of a trial court judge in relator's request that his motions be granted).
As stated above, a writ of mandamus will not issue when there is a plain and adequate remedy at law. Since Judge Bruzzese has overruled relator's motion, the plain and adequate remedy at law is an appeal of that decision.
For the reasons stated above this Petition for Writ of Mandamus is hereby dismissed.
Respondent's Motion to Dismiss granted. Relator's Motion for Summary Judgment denied.
Costs taxed against relator.
Final order. Clerk to serve copy on the parties pursuant to the Civil Rules.
 ________________________ JUDGE EDWARD A. COX
 ________________________ JUDGE GENE DONOFRIO
 ________________________ JUDGE JOSEPH J. VUKOVICH