JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Michael N. Taylor appeals from the judgment of the Common Pleas Court which denied his second petition for postconviction relief. For the following reasons, we affirm.
 {¶ 2} After a jury trial, defendant was convicted of aggravated murder with a firearm specification, repeat murder and prior aggravated felony specifications. Defendant was sentenced to death.
 {¶ 3} Defendant's conviction and sentence were affirmed by this Court in State v. Taylor (Nov. 9, 1995), Cuyahoga App. No. 65711. The Supreme Court of Ohio affirmed the same in State v. Taylor (1997),78 Ohio St.3d 15. Defendant's original petition for postconviction relief was dismissed without hearing by the trial court on February 2, 1998. This Court affirmed that judgment in State v. Taylor (Nov. 18, 1999), Cuyahoga App. No. 75352.
 {¶ 4} On March 30, 2001, defendant filed an amended second petition for postconviction relief. In his second petition for postconviction relief, defendant conceded that the petition did not meet the criteria of R.C. 2953.23. Consequently, he argued that R.C. 2953.23 is unconstitutional on its face and as applied to him. The petition then set forth seven claims for relief.
 {¶ 5} In its opinion, the trial court concluded that R.C. 2953.23
is constitutional. Citing Pennsylvania v. Finley (1987), 481 U.S. 551, the trial court held that any limitations on the right to postconviction relief are constitutional. The trial court also cited Slack v. McDaniel
(2000), 120 S.Ct. 1595, 1606 for the proposition that "the State remains free to impose proper procedural bars to restrict repeated returns to state court" for postconviction proceedings. With respect to the merits of defendant's seven claimed grounds for relief, the trial court declined to address them and dismissed the petition.
 {¶ 6} Defendant timely filed his appeal assigning three assignments of error.
 I. {¶ 7} THE TRIAL COURT ERRED IN HOLDING THAT THE UNITED STATES CONSTITUTION DOES NOT APPLY TO STATE POSTCONVICTION PROCEEDINGS.
 {¶ 8} In his first assignment of error, defendant contends that the trial court erroneously held that the United States Constitution does not apply to postconviction proceedings. Specifically, defendant cites the following statement from the trial court's opinion: "Nowhere does it appear in any United States Supreme Court decision that states must follow the United States Constitution in developing and implementing postconviction remedies."
 {¶ 9} We find no error in the trial court's statement. In reading the entire opinion, it is clear that the trial court was merely stating that the trial court need not follow the defendant's interpretation of the federal constitution as applied to postconviction proceedings; that is, that petitions for postconviction relief must be unrestricted and unlimited.
 {¶ 10} Defendant's first assignment of error is overruled.
 II. {¶ 11} THE TRIAL COURT ERRED WHEN IT FAILED TO DECLARE O.R.C. § 2953.23(A)(2) CONSTITUTIONALLY INFIRM ON ITS FACE AND AS APPLIED TO APPELLANT TAYLOR.
 {¶ 12} In his second assignment of error, defendant challenges the constitutionality of R.C. 2953.23(A)(2), Ohio's postconviction statute. Specifically, defendant claims that R.C. 2953.23(A)(2) violates the Supremacy Clause, the separation of powers doctrine, and the "due course of law" and "open courts" provisions of the Ohio Constitution. We disagree.
 {¶ 13} Courts throughout this State have repeatedly found that R.C. 2953.23(A)(2) is constitutional and does not violate the Supremacy Clause, the Doctrine of Separation of Powers, the "due course of law" or "open courts" provisions of the Ohio Constitution. See State v. Byrd
(2001), 145 Ohio App.3d 318; State v. McGuire (Apr. 23, 2001), Preble App. No. CA2000-10-011; State v. Davie (Dec. 2001), Trumbull App. No. 2000-T-0104. Nor do we find that R.C. 2953.23(A)(2) is unconstitutional as applied to defendant.
 {¶ 14} Defendant's second assignment of error is overruled.
 III. {¶ 15} THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S SECOND POSTCONVICTION PETITION WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT AN EVIDENTIARY HEARING AND DISCOVERY.
 {¶ 16} In his third assignment of error, defendant raises two issues for our review: first, he claims that the trial court erred in dismissing his second postconviction petition since he raised substantive grounds for relief. Second, he claims that the trial court erred when it failed to grant an evidentiary hearing and discovery.
 {¶ 17} R.C. 2953.23, which deals only with either second, successive petitions or untimely petitions, provides that a trial court has no jurisdiction to entertain a successive postconviction petition unless it meets the following conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petition; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for a constitutional error at trial. Statev. Byrd, 145 Ohio App.3d at 326.
 {¶ 18} With regard to defendant's eight grounds for relief, we find that defendant was not unavoidably prevented from discovering the facts upon which he must rely in presenting these claims. R.C. 2953.23(A)(1). Each of his claims concern the effective assistance of counsel during the trial and mitigation and penalty phase of the trial. These are claims that should have been raised in direct appeal or in defendant's first petition for postconviction relief. Defendant has not demonstrated how he was prevented from discovering these facts prior to this second petition. Accordingly, because the petition failed to meet the criteria set forth in R.C. 2953.23(A)(1), the trial court did not err in dismissing it.
 {¶ 19} Next, since the trial court did not err in dismissing defendant's petition, we conclude that it was not an abuse of discretion to deny defendant's evidentiary hearing and discovery requests. Courts are not required to provide petitioners discovery in postconviction proceedings. State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office
(1999), 87 Ohio St.3d 158, 159; State v. Wiles (1998), 126 Ohio App.3d 71,79. Further, if the petition and the files and records show that the petitioner is not entitled to relief, the court may dismiss the petition without an evidentiary hearing. State v. Byrd, supra, at 329; State v.Kapper (1983), 5 Ohio St.3d 36, 38.
 {¶ 20} Defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., CONCURS WITH SEPARATE CONCURRING OPINION (SEECONCURRING OPINION ATTACHED.