JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Dwayne Harris was indicted in 1989 on kidnapping and rape charges. Appellant pleaded guilty to rape and the kidnapping charge was nolled. Appellant was sentenced to ten to 25 years on the rape, to be served concurrently with sentences on case numbers CR-235106 (rape, kidnapping and felonious assault) and CR-236857 (aggravated assault). The convictions were upheld by this court on direct appeal in all three cases. State v. Harris (Dec. 13, 1990), Cuyahoga App. Nos. 57920, 57857 57855.
 {¶ 2} The offense in this case occurred on October 30, 1988. The victim did not file a police report until January 6, 1989, however, when she discovered that she *Page 2 
was pregnant. A paternity test was completed, the result of which showed that appellant was the father of the victim's baby.
 {¶ 3} On September 20, 2006, appellant filed a motion to release the results of the paternity test. As cause, appellant stated that he believed the results would assist him in a postconviction challenge to his plea and conviction. The trial court denied appellant's motion, and in his sole assignment of error, he challenges that denial.
 {¶ 4} The procedure to be followed in ruling on such a petition, is established by R.C. 2953.21 et seq., which does not provide for discovery in preparation for filing a petition for postconviction relief. State v. Taylor, Cuyahoga App. No. 80271, 2002-Ohio-2742;State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office (1999),87 Ohio St.3d 158, 718 N.E.2d 426. No postconviction petition was filed in this case.
 {¶ 5} Therefore, because the postconviction statute does not make any provision for a petitioner to obtain discovery by means of court order prior to the preparation of a postconviction petition, the trial court did not err in denying appellant's motion.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 3 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1