JOURNAL ENTRY AND OPINION
{¶ 1} On March 31, 2009, relator Daries Sherrills filed a writ of mandamus against Judge John D. Sutula asking this court to order Judge Sutula to grant discovery and his request for production of documents related to his motion for postconviction relief. On April 14, 2009 the respondent, through the Cuyahoga County Prosecutor's Office, filed a motion for summary judgment which was opposed by Sherrills. For the following reasons, we grant the motion for summary judgment.
 {¶ 2} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the *Page 3 
respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law.[1] Although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control discretion, even if that discretion is grossly abused.[2]
 {¶ 3} Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases.[3] Additionally, if a relator had an adequate remedy at law, regardless of whether it was used, relief in mandamus is precluded.[4]
 {¶ 4} The filings indicate that Sherrills was convicted of theft and grand theft in State v. Sherrills, Cuyahoga County Court of Common Pleas, Case No. CR-046839. On March 10, 2009, Sherrills filed a motion for discovery and production of documents which was denied by Judge Sutula on March 25, 2009. Sherrills now *Page 4 
files this mandamus action claiming that, under the new open discovery rules adopted by the Cuyahoga County Court of Common Pleas he has a right to the discovery.
 {¶ 5} However, as pointed out by respondent, there is no requirement for civil discovery in postconviction proceedings.[5] Consequently, Sherrills failed to establish the first two prongs of mandamus. Additionally, we also find that Sherrills possessed an adequate remedy at law by way of appeal. While the time period to appeal Judge Sutula's ruling has passed, Sherrill's failure to appeal those rulings also prohibits us from granting the action in mandamus.
 {¶ 6} Accordingly, since Sherrills cannot establish the necessary criteria for this court to grant his mandamus action, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ. R. 58(B). Writ denied.
COLLEEN CONWAY COONEY, A.J., and MELODY J. STEWART, J., CONCUR.
[1] State ex rel. Manson v. Morris (1993), 66 Ohio St. 3d 440,613 N.E.2d 232, citing State ex rel. Berger v. McMonagle (1983),6 Ohio St. 3d 28, 451 N.E.2d 225.
[2] State ex rel. Ney v. Niehause (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
[3] State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Comm. (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v. Cleveland Bd. ofEdn. (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
[4] State ex rel. Iran v. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245,676 N.E.2d 108; State ex rel. Boardwalk Shopping Ctr, Inc. v. Court ofAppeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33, 564 N.E.2d 86;State ex rel. Provolone Pizza, LLC. v. Callahan, Cuyahoga App. No. 88626, 2006-Ohio-660; State ex rel. Grahek v. McCafferty, Cuyahoga App. No. 88614, 2006-Ohio-4741.
[5] State ex rel. Love v. Cuyahoga County Prosecutor's Office,87 Ohio St.3d 158, 1999-Ohio-314, 718 N.E.2d 426. See also State v. Foust, Cuyahoga App. No. 83771, 2005-Ohio-5331; State v. Taylor, Cuyahoga App. No. 80271, 2002-Ohio-2742. *Page 1