[Cite as *State v. Osie*, 2015-Ohio-3406.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-10-222 |
| | : | O P I N I O N |
| - vs - | | 8/24/2015 |
| | : | |
| GREGORY C. OSIE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2009-02-0302


Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011 and Mike DeWine, Ohio Attorney General, Stephen E. Maher, Special Butler County Prosecutor, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for plaintiff-appellee

Office of the Ohio Public Defender, Pamela Prude-Smithers, Jessica L. Carrico, Daniel P. Jones, 250 East Broad Street, Suite 1400, 14th Floor, Columbus, Ohio 43215, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Gregory Osie, appeals the denial of his petition for postconviction relief ("PCR") and motion for leave to conduct discovery in the Butler County Court of Common Pleas.

{¶ 2} On February 14, 2009, David Williams was stabbed to death in his Butler

County home. Osie was quickly identified as a suspect and arrested the same day. While undergoing interrogation, Osie admitted to being at Williams' home, but asserted that he stabbed Williams in self-defense.

{¶ 3} Following a trial to a three-judge panel, Osie was convicted of aggravated murder, murder, aggravated robbery, aggravated burglary, tampering with evidence and three death penalty specifications. The panel considered the mitigating and aggravating factors presented by the parties and sentenced Osie to death. The Supreme Court of Ohio affirmed the decision on direct appeal. *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966.

{¶ 4} In 2011, Osie filed a petition for postconviction relief setting forth 15 claims for relief. The trial court found that Osie failed to establish substantive grounds for PCR and denied his petition without holding an evidentiary hearing.

{¶ 5} Osie appeals that decision, raising ten assignments of error for review. For ease of discussion, the assignments of error will be discussed out of order.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED WHEN IT DISMISSED OSIE'S POST-CONVICTION PETITION WITHOUT REVIEWING THE ENTIRE RECORD.

{¶ 8} Within this assignment of error, Osie argues that, "[a] trial court is required to review the entire record, including the trial transcript, prior to dismissing a post-conviction petition without an evidentiary hearing."

{¶ 9} Osie asserts that the trial court failed to retain a copy of the trial transcript when the record was transmitted to the Supreme Court of Ohio for purposes of Osie's direct appeal. Osie's conclusion that the trial court did not review the entire record is based upon, (1) the trial court's lack of citations to the trial transcript in the entry denying the postconviction relief petition, and (2) counsel's review of the record available at the trial court clerk's office on December 3, 2014, two months after Osie's postconviction petition was

- 2 -

decided. Osie states that the Butler County Clerk of Courts file did not at that time include a transcript of the proceedings, and therefore posits that the transcript was not available to the trial court and not reviewed when ruling on Osie's petition for postconviction relief. Osie asks that this court "remand the matter to the trial court so that it can review the entire record before issuing an Entry and Order, as required by R.C. 2953.21(C) * * *."

{¶ 10} Other than the alleged absence of a hard copy of the transcript in the clerk's office on December 3, 2014, there is no reason to believe the trial court did not have access to a copy of the transcript, in electronic form or otherwise, when ruling on Osie's petition for postconviction relief. In its 27-page entry and order dismissing the petition, the trial court quotes the postconviction relief statute at length, which provides that the court "shall consider, in addition to the petition, * * * the court reporter's transcript." The trial court did not state that it only reviewed a portion of the record, or that its review did not include the trial transcript. In several places within the decision the court implies that the transcript was reviewed.

{¶ 11} In light of the foregoing, this court refuses to assume that the trial court failed to review the transcript of the proceedings simply because the original copy of the transcript was filed with the Supreme Court of Ohio and no copy was found in the clerk's office two months after Osie's postconviction petition was decided. Accordingly, Osie's first assignment of error is overruled.

{¶ 12} Assignment of Error No. 5:

{¶ 13} THE TRIAL COURT ERRED IN DISMISSING OSIE'S FIRST AND SECOND CLAIMS FOR RELIEF, WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING.

{¶ 14} Osie's first and second claims for relief argued that trial counsel was ineffective at the mitigation phase of his capital trial where they failed to "investigate and present

- 3 -

competent, expert psychological evidence that the capital defendant had a neurological impairment."

{¶ 15} In a postconviction petition asserting ineffective assistance of counsel, the petitioner must first show that (1) his trial counsel's performance was deficient, and (2) the deficient performance prejudiced the defense to the point of depriving the appellant of a fair trial. *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 132. A trial counsel's performance will not be deemed ineffective unless the petitioner demonstrates that "counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, were it not for counsel's errors, the result of the proceeding would have been different." *State v. Ullman*, 12th Dist. Warren No. CA2002-10-110, 2003-Ohio-4003, ¶ 43; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). A petitioner's failure to satisfy either prong is fatal to an ineffective assistance of counsel claim. *State v. Ayers*, 12th Dist. Warren Nos. CA2010-12-119 and CA2010-12-120, 2011-Ohio-4719, ¶ 49; *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448.

{¶ 16} A trial court's decision resolving a postconviction claim of ineffective assistance of counsel "will be upheld absent an abuse of discretion when the trial court's finding is supported by competent and credible evidence." *Widmer*, 2013-Ohio-62 at ¶ 133. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34; *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 17} In denying Osie's petition, the trial court misstated the evidence present before it. The court found that

> Osie endeavors to support his argument with the letters of two Ph.D.s willing to conduct examinations, after being paid, to determine if the defendant sustained brain damage sufficient to

- 4 -

create an organic justification for homicide. In effect Osie claims ineffective assistance of counsel based upon a hypothetical thesis devoid of any evidentiary support.

However, a review of the record reveals that the trial court had before it both a psychological evaluation and a neuropsychological evaluation that were completed following personal examinations of Osie.

{¶ 18} The psychological consultation report was authored by Dr. Daniel L. Davis. Notably, that report found

> [t]he extent of his self reported substance abuse would suggest that there is a very good likelihood of a substance dependence disorder. This substance use, as well, could result in neurological impairment. As a result * * * there would appear to be a clear need for further neuropsychological examination in this specific area as well as further psychological and psychosocial evaluation to determine the presence of a substance dependency disorder that may have been exacerbated by problems in judgment and possible neurological factors.

{¶ 19} Following the recommendation of Dr. Davis, Osie was evaluated by Dr. Barry S. Layton, a board-certified clinical neuropsychologist by the American Board of Professional Psychology. The affidavit of Dr. Layton was filed with the trial court on June 16, 2011. In his affidavit, Dr. Layton relayed the findings of the neuropsychological evaluation conducted with Osie at the Ohio State Penitentiary in Hubbard on May 9, 2011. Dr. Layton found that

> [t]o a reasonable degree of psychological certainty, Gregory Osie suffers from significant brain impairment. I came to this conclusion after conducting a neuropsychological examination, which involved administering and interpreting several psychological tests on Osie. Evidence from the examination *alone* definitively demonstrates brain impairment, specifically in the temporal lobes of the brain and in the anterior (the frontal cerebrum) and temporal lobes of the brain. The records I reviewed provide evidence consistent with effects of chronic alcohol ingestion to be the primary cause of Osie's impairment.
>
> The cause of Osie's impairment appears to be the effects of chronic alcohol ingestion. The location of the impairment in Mr. Osie's brain controls how it manifests itself. Because his front

cerebrum is damaged, Osie's impairment impacts his ability to exercise judgment, plan and effectively monitor his behavior and affects his capacity to regulate emotions, particularly under stress.

(Emphasis in original.) Thus, contrary to the trial court's findings, the record contained evidence that Osie suffered from neurological impairment.

{¶ 20} We find that Osie has presented supporting affidavits demonstrating sufficient operative facts to establish substantive grounds for relief with respect to his first and second claims for relief. In turn, we find that the trial court abused its discretion in denying Osie's petition without first conducting an evidentiary hearing on those issues.

{¶ 21} Accordingly, Osie's fifth assignment of error is sustained.

{¶ 22} Assignment of Error No. 6:

{¶ 23} THE TRIAL COURT ERRED IN DISMISSING OSIE'S THIRD, FOURTH, FIFTH, AND SIXTH CLAIMS FOR RELIEF, WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING.

{¶ 24} Osie's third, fifth and sixth claims for relief argued that trial counsel was ineffective where they failed to present "mitigating evidence regarding a defendant's character, history, background, and extensive history of drug abuse." Osie's fourth claim for relief argued that trial counsel was ineffective in failing to retain a competent mitigation specialist.

{¶ 25} With respect to Osie's third, fifth and sixth claims for relief, we find the evidence introduced outside the record redundant to the evidence presented at the mitigation phase of Osie's trial. Mitigation evidence at trial consisted of Osie's mother, brother, son, and two longtime friends testifying as to his character, history, background, and history of drug abuse. The affidavits in support of Osie's petition merely provide the same information from

additional sources. Therefore, the cumulative evidence submitted in the affidavits supporting Osie's petition does not demonstrate sufficient operative facts to establish substantive grounds for relief.

{¶ 26} Regarding Osie's fourth claim for relief, which argues that his counsel failed to retain a competent mitigation specialist, we find no evidence outside the record to indicate that counsel's retained mitigation expert was not a competent mitigation specialist. There is a significant difference between whether a competent mitigation specialist was retained, and whether that specialist rendered effective assistance of counsel. While Osie has set forth sufficient operative facts to establish substantive grounds for relief as to the latter, he has failed to do so with respect to the former.

{¶ 27} Accordingly, Osie's sixth assignment of error is overruled.

{¶ 28} Assignment of Error No. 3:

{¶ 29} THE TRIAL COURT ERRED WHEN IT DENIED OSIE'S MOTION FOR LEAVE TO CONDUCT DISCOVERY.

{¶ 30} Within this assignment of error, Osie argues that, "[n]ot allowing a post-conviction petitioner to conduct discovery pursuant to the civil rules of procedure violates his rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 9, 10, and 16 of the Ohio Constitution."

{¶ 31} As this court has consistently held, Osie is not entitled to discovery to support his claim for relief. "A postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102. Postconviction relief is not a constitutional right, and it affords a petitioner no rights beyond those granted by the controlling statute, R.C. 2953.23. *Id*.; *see also State v. Steffen*, 70 Ohio St.3d 399, 410, (1994), citing *Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, (1989). Moreover, and according to R.C. 2953.23, "there is no requirement of civil

discovery in post-conviction proceedings." *State v. Samatar*, 10th Dist. Franklin No. 03AP-1057, 2004-Ohio-2641, ¶ 23, citing *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 1999-Ohio-314. "Since R.C. 2953.21 does not contain a provision entitling a post-conviction petitioner to discovery during the post-conviction process * * *, the denial of [this] request[ ] is not a violation of due process." *State v. Jackson*, 3d Dist. Allen No. 1-04-31, 2004-Ohio-5350, ¶ 23.

{¶ 32} Instead, the granting or overruling of discovery motions rest within the sound discretion of the trial court. *State v. Stojetz*, 12th Dist. Madison No. CA2009-06-013, 2010-Ohio-2544, ¶ 75. Rather than a mere error of law or judgment, an abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160.

{¶ 33} Although a petitioner is not automatically entitled to discovery, discovery may be warranted when the petitioner sets forth operative facts that would demonstrate a substantive claim for relief. *State v. Kapper*, 5 Ohio St.3d 36 (1983). A petitioner sets forth operative facts by attaching documentary evidence outside the record, which if true constitute a constitutional error in his case. *State v. Leonard*, 157 Ohio App.3d 653, 2004-Ohio-3323, ¶ 36 (1st Dist.).

{¶ 34} As discussed above, Osie has set forth operative facts that demonstrate a substantive claim for relief with respect to his potential neurological impairment. However, the motion for discovery that was denied by the trial court does not pertain to that issue. This court's holding with respect to the need for an evidentiary hearing on the issues discussed above does not open up discovery to a host of unrelated matters like those sought in Osie's motion for discovery.

{¶ 35} Having found that Osie failed to set forth operative facts that demonstrate a substantive claim for relief with respect to the discovery sought in his motion for discovery,

we do not find that the trial court abused its discretion in denying that motion. Accordingly, Osie's third assignment of error is overruled.

{¶ 36} Assignment of Error No. 4:

{¶ 37} THE TRIAL COURT ERRED WHEN IT DENIED OSIE'S MOTION FOR FUNDS FOR A SUBSTANCE ABUSE AND ALCOHOL INTOXICATION EXPERT.

{¶ 38} Osie argues that, "[a] trial court must provide adequate funding for an indigent petitioner in a post-conviction proceeding to retain all reasonable and necessary experts."

{¶ 39} As set forth above, postconviction relief is not a constitutional right, and it affords a petitioner no rights beyond those granted by the controlling statute, R.C. 2953.23. *Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102.

{¶ 40} This court and others have repeatedly held that it is not error for a trial court to deny a request for discovery or for the appointment of an expert in a postconviction relief petition because Ohio's statute, R .C. 2953.21, does not provide either a right to discovery or to expert assistance. *See, e.g., State v. Hoop*, 12th Dist. Brown No. CA2004-02-003, 2005-Ohio-1407, ¶ 7; *State v. Monroe*, 10th Dist. Franklin 13AP-598, 2015-Ohio-844, ¶ 11. Therefore, we find that because nothing in R.C. 2953.21 provides a right for investigative funding to a petitioner, the trial court did not err in denying Osie's request. *See State v. Stedman*, 8th Dist. Cuyahoga App. No. 83531, 2004-Ohio-3298, ¶ 35, 36 (trial court did not err in denying request for private investigator and forensics expert in postconviction relief proceeding). Accordingly, Osie's fourth assignment of error is overruled.

{¶ 41} Osie's seventh, eighth, and ninth assignments of error will be discussed together as they are resolved on the same basis.

{¶ 42} Assignment of Error No. 7:

{¶ 43} THE TRIAL COURT ERRED IN DISMISSING OSIE'S SEVENTH THROUGH NINTH CLAIMS FOR RELIEF, WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS

TO MERIT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING.

{¶ 44} Assignment of Error No. 8:

{¶ 45} THE TRIAL COURT ERRED IN DISMISSING OSIE'S TENTH CLAIM FOR RELIEF, WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING.

{¶ 46} Assignment of Error No. 9:

{¶ 47} THE TRIAL COURT ERRED IN DISMISSING OSIE'S ELEVENTH THROUGH FOURTEENTH CLAIMS FOR RELIEF, WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING.

{¶ 48} Osie's seventh claim for relief asserted ineffective assistance of counsel for failing to advise him of all consequences of a jury waiver. Osie's eighth claim for relief alleged prosecutorial misconduct regarding lab reports and the disclosure of a witness's criminal record. Osie's ninth claim for relief argued that statements he made were obtained in violation of *Miranda* rights. Osie's tenth claim for relief asserted that his trial counsel was ineffective for failing to call a drug and alcohol expert for the pretrial suppression hearing. Finally, Osie's eleventh through fourteenth claims for relief attacked Ohio's death penalty as unconstitutional and disproportionate.

{¶ 49} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except a direct appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, *citing State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, syllabus. A trial court may dismiss a postconviction petition on the basis of the doctrine of res judicata. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-

037 and CA2012-02-042, 2012-Ohio-5841, ¶ 9. However, there is "an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record that was not in existence and available to the petitioner in time to support the direct appeal." (Emphasis sic.) *Mathes*, 2013-Ohio-4128 at ¶ 14.

{¶ 50} Osie raised or could have raised each of the above claims in his direct appeal to the Ohio Supreme Court. *Osie*, 2014-Ohio-2966. Osie has failed to present competent, relevant, and material evidence outside the record that was not in existence and available to him at the time of that direct appeal. A petition for postconviction relief does not provide a petitioner with a second opportunity to litigate his conviction. *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 15-16.

{¶ 51} Accordingly, Osie's seventh, eighth, and ninth assignments of error are barred by the doctrine of res judicata.

{¶ 52} Assignment of Error No. 10:

{¶ 53} THE TRIAL COURT ERRED IN DISMISSING OSIE'S FIFTEENTH CLAIM FOR RELIEF, WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING.

{¶ 54} Osie's fifteenth claim for relief alleged ineffective assistance of counsel for failure to present the wishes of the victim's family with respect to Osie's sentence. Osie asserts that the victim's family expressed their belief that he should not receive the death penalty.

{¶ 55} In support of his argument, Osie cites the Ohio Supreme Court's decision in *State v. Fautenberry*, 72 Ohio St.3d 435, 439, 1995-Ohio-209, for the proposition that surviving victim-impact testimony may be properly considered by the trial court. However, while the court in *Fautenberry* indeed held that testimony regarding the impact of a murder on the victim's family is properly considered, it went on to "find error in the admission of that

part of the victim-impact statements which relate to sentencing recommendations." *Id.*

{¶ 56} As the Ohio Supreme Court has expressly held that the admission of victim-impact testimony relating to sentencing recommendation is error, we do not find that trial counsel was ineffective for failing to present such testimony. Accordingly, Osie's tenth assignment of error is overruled.

{¶ 57} Assignment of Error No. 2:

{¶ 58} THE TRIAL COURT ERRED IN DISMISSING EACH OF OSIE'S FIFTEEN CLAIMS FOR RELIEF, WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING.

{¶ 59} Within this assignment of error, Osie argues that a trial court (1) "should grant a post-conviction petitioner relief, or an evidentiary hearing, when he has proven the existence of constitutional violations that render his conviction void and/or voidable," and (2) "must grant an evidentiary hearing for post-conviction claims containing sufficient operative facts and supported by evidence dehors the record."

{¶ 60} Based upon our resolution of Osie's fifth through tenth assignments of error, Osie's second assignment of error is (1) sustained insofar as an evidentiary hearing was merited with respect to Osie's first and second claims for relief, and (2) overruled insofar as it related to Osie's third through fifteenth claims for relief.

{¶ 61} Judgment affirmed in part, reversed in part, and remanded to the trial court for the limited purpose of holding an evidentiary hearing regarding Osie's alleged neurological impairment.

S. POWELL, P.J., and HENDRICKSON, J., concur.