[Cite as *State v. Thompson*, 2022-Ohio-4081.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :
                               No. 111175

    v.                           :

MICHAEL THOMPSON,                       :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 17, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-15-599185-A and CR-18-633180-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee.*

Michael Thompson, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Michael Thompson, pro se, appeals the trial court's denial of his request for postconviction discovery. For the reasons that follow, we affirm.

**Factual Background and Procedural History**

{¶ 2} In 1990, in Cuyahoga C.P. No. CR-90-247277-ZA ("247277"), Thompson pled guilty to aggravated assault and was sentenced to one-and-one-half years in prison.

{¶ 3} In September 2019, in Cuyahoga C.P. No. CR-18-633180-A ("633180"), Thompson was found guilty of murder, aggravated murder and kidnapping following a bench trial. He was sentenced to life in prison with the possibility of parole after 20 years.

{¶ 4} In October 2019, in Cuyahoga C.P. No. CR-15-599185-A ("599185"), Thompson pled guilty to one count of sexual battery, was designated as a sexually oriented offender for ten years and was sentenced to two years in prison, to be served concurrently with his sentence in 633180.

{¶ 5} Thompson appealed his convictions in 633180. On November 12, 2020, this court affirmed Thompson's convictions. *State v. Thompson*, 8th Dist. Cuyahoga No. 109110, 2020-Ohio-5257. Thompson did not appeal his convictions in 599185.

{¶ 6} On July 21, 2021, Thompson filed, pro se, a "motion to request a court order for full discovery" ("motion for full discovery") in all three cases. Thompson argued that the state had violated Crim.R. 16 by failing to "cooperate with full discovery" prior to trial and that his attorney "did not catch it." He, therefore, requested "full discovery should [he] go to federal court."

{¶ 7} In his motion, Thompson identified several pieces of evidence he claimed he had not yet seen, including an autopsy report in 633180, duct tape, a knife, a sock, a shoelace and a "record of [such] evidence" in 599185 and records relating to a knife and "verify[ing]" witness statements in "217277" [sic]. Thompson stated that he had written letters to the "evidence room" and the "clerk of courts" "about evidence records" but that he had not received the records he had requested.

{¶ 8} Thompson further asserted that he had filed a grievance against the prosecutor and indicated that the prosecutor may have misled the trial court regarding the existence of certain evidence. In support of his motion, Thompson attached a copy of a letter he had received from the Disciplinary Counsel of the Ohio Supreme Court ("Disciplinary Counsel") dated May 15, 2021. The letter acknowledged receipt of Thompson's grievance but indicated that the Disciplinary Counsel's authority was limited to investigating alleged violations of the Ohio Rules of Professional Conduct — not claims of prosecutorial misconduct as alleged by Thompson — and that it had, therefore, closed its file regarding the matter.

{¶ 9} The state opposed Thompson's motion for full discovery, arguing that Thompson was not entitled to postconviction discovery under Crim.R. 16(B) or 42(C). The state asserted that (1) Crim.R. 16 was limited to pretrial discovery and (2) Crim.R. 42(C) applied only to capital cases and postconviction review of capital cases and Thompson's cases were not capital cases.

{¶ 10} On July 30, 2021, the trial court summarily denied Thompson's motion for full discovery in 599185 and 633180 and stated that the court was "without jurisdiction" to rule on the motion in CR 247277.[1]

{¶ 11} Thompson filed, pro se, a motion for delayed appeal, asserting that he did not receive notice of the trial court's July 30, 2021 order denying his motion for full discovery in 599185 and 633180 until December 7, 2021. This court granted the motion.[2] Thompson raises the following sole assignment of error for review:

> Should the prosecution not be held accountable for statements and claims of evidence during trial, the trial court dismissed my motions for full discovery after trial, without giv[ing] any opinion. The prosecution should want to clear up any claim of prosecutorial misconduct by the defendant, or any other claim of violating a fair due process.

**Law and Analysis**

{¶ 12} In his appellate brief, Thompson makes various general, unsupported assertions regarding alleged prosecutorial misconduct and alleged ineffective assistance of trial counsel relating to evidence and requests that this court "declare * * * a mistrial" in 599185 and 633180. However, the only issue before us is

---

[1] On May 31, 2022, the trial court entered an order in 247277, denying Thompson's motion for full discovery in that case as moot. Thompson has not appealed that ruling.

[2] In ruling on Thompson's motion for delayed appeal, this court noted: "Because a petition for postconviction relief is civil in nature there is no right to a delayed appeal under App.R .5(A). However, because appellant was never served with the trial court's ruling on the petition for postconviction relief, the appeal has been timely filed and shall proceed as an appeal of right. * * * The trial court failed to direct the clerk of court to serve the appellant with notice of the judgment per Civ.R. 58, therefore, the time to file the appeal has been tolled and appellant's appeal is timely filed."

Thompson's motion for full discovery and whether the trial court committed reversible error in denying that motion.[3]

{¶ 13} "It is well established that there is no right to discovery in postconviction proceedings in non-capital cases." *State v. Taylor*, 2021-Ohio-1670, 170 N.E.3d 1310, ¶ 68 (2d Dist.), citing *State v. Hazel*, 2d Dist. Clark No. 2018-CA-39, 2018-Ohio-5274, ¶ 13-16 (trial court did not abuse its discretion in denying defendant's postconviction motion to compel production of documents where "there was no basis for discovery as the matter was closed with no pending issues before the trial court at the time the motion was filed" and there was "no right to discovery in postconviction proceedings in non-capital cases"), and *State v. Owensby*, 2d Dist. Montgomery No. 27607, 2018-Ohio-2967, ¶ 21 ("It is well established that a non-capital defendant is not entitled to discovery in post-conviction proceedings."); *see also State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 159, 718 N.E.2d 426 (1999) ("[T]here is no requirement of civil discovery in postconviction proceedings."); *State v. Maxwell*, 8th Dist. Cuyahoga No. 107758, 2020-Ohio-3027, ¶ 6 ("The long-standing rule in Ohio is that a convicted criminal defendant has no right to additional or new discovery, whether under Crim.R. 16 or any other rule, during postconviction relief proceedings."); *State v. Sowell*, 8th Dist. Cuyahoga No. 108018, 2020-Ohio-2938, ¶ 120 (recognizing "[t]he long-standing rule in Ohio * * * that a convicted criminal defendant has no right to additional or

---

[3] This court granted the state's motion to strike pages 7 through 19 of appellant's brief because they consisted of letters that were not part of the trial court record.

new discovery during postconviction relief proceedings" but noting that former R.C. 2953.21(A)(1)(d) "now confers upon a common pleas court the discretion to permit certain kinds of discovery by a capital petitioner upon 'good cause shown'"); *State v. Quinn*, 9th Dist. Medina No. 20CA0027-M, 2021-Ohio-1764, ¶ 17 ("[T]here is generally no right to discovery in a post-conviction proceeding.").

{¶ 14} Discovery authorized under Crim.R. 16 is limited to the time of the criminal trial. *See, e.g., State ex rel. Love* at 158-159 (court of appeals properly denied defendant's request for a writ of mandamus to compel prosecutor to provide records, including ballistics and autopsy reports, relating to defendant's criminal trial that defendant claimed he needed to support his petition for postconviction relief; defendant was "not entitled to the requested records under the Crim.R. 16 criminal discovery provisions because his criminal trial concluded long before his requests"), citing *State ex rel. Flagner v. Arko*, 83 Ohio St.3d 176, 177, 699 N.E.2d 62 (1998), and Crim.R. 16(D).

{¶ 15} Crim.R. 42(C) provides for access to file materials in capital cases and the postconviction review of capital cases. *See* Crim.R. 42(C) ("In a capital case and post-conviction review of a capital case, the prosecuting attorney and the defense attorney shall, upon request, be given full and complete access to all documents, statements, writings, photographs, recordings, evidence, reports, or any other file material in possession of the state related to the case, provided materials not subject to disclosure pursuant to Crim.R 16(J) shall not be subject to disclosure under this rule."). Postconviction discovery authorized under R.C. 2953.21(A)(1)(e) is likewise

limited to capital cases. *See* R.C. 2953.21(A)(1)(e) ("At any time in conjunction with the filing of a petition for postconviction relief under [R.C. 2953.21 (A)] by a person who has been sentenced to death, or with the litigation of a petition so filed, the court, for good cause shown, may authorize the petitioner in seeking the postconviction relief * * * to take depositions and to issue subpoenas and subpoenas duces tecum in accordance with [R.C. 2953.21 (A)(1) (e), (A)(1) (f), and (C)] and to any other form of discovery as in a civil action that the court in its discretion permits.").[4]

{¶ 16} Because Thompson was not entitled to discovery after his convictions under Crim.R. 16 or R.C. 2953.21(A)(1)(e), was not entitled to access to the state's file materials under Crim.R. 42(C) and has not identified any other basis upon which he was entitled to obtain the "full discovery" sought, the trial court did not abuse its discretion or otherwise err in denying his motion for full discovery.[5] Thompson's assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[4] The "expanded discovery" provisions of R.C. 2953.21(A)(1) were enacted in S.B. 139, effective April 6, 2017. *See State v. Cole*, 8th Dist. Cuyahoga No. 110076, 2021-Ohio-2445, ¶ 7; *Sowell* at ¶ 120. Crim.R. 42(C) was adopted effective July 1, 2017.

[5] Further, to the extent that Thompson's motion for full discovery is regarded as a petition for postconviction relief, it was untimely – even assuming it otherwise complied with R.C. 2953.21. *See* R.C. 2953.21(A)(2)(a).

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, J., CONCURS;
SEAN C. GALLAGHER, A.J., CONCURRING IN JUDGMENT ONLY (WITH SEPARATE OPINION ATTACHED)


SEAN C. GALLAGHER, A.J., CONCURRING IN JUDGMENT ONLY:

Although I agree with the majority that Thompson was not entitled to postconviction discovery under Crim.R. 16 or R.C. 2953.21(A)(1)(e), I would affirm the judgment of the trial court because it had no jurisdiction to entertain his motion for full discovery. Insofar as Thompson appears to assert a potential claim of prosecutorial misconduct, the postconviction process does not grant a petitioner the right to conduct discovery to acquire evidence to support a postconviction claim for relief in non-capital cases. *See State v. Taylor*, 2021-Ohio-1670, 170 N.E.3d 1310, ¶ 68 (2d Dist.), citing *State v. Owensby*, 2d Dist. Montgomery No. 27607, 2018-Ohio-2967, ¶ 19-21; *see also State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 159, 718 N.E.2d 426 (1999). Additionally, the jurisdictional requirements for an untimely petition for postconviction relief were not satisfied. *See* R.C. 2953.23(A)(1).