[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 1217.]

IN RE ADOPTION OF JOHNSON.

[Cite as *In re Adoption of Johnson*, 1995-Ohio-219.]

*Adoption—Trial court's finding pursuant to R.C. 3107.07 that consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order.*

(No. 94-1398—Submitted June 7, 1995—Decided July 19, 1995.)

CERTIFIED by the Court of Appeals for Miami County, No. 93-CA-22.

_____

*Faulkner, Garmhausen, Keister & Shenk Co., L.P.A.*, and *William E. Lang*, for appellee petitioner.

*John C. Holden*, for appellant father.

_____

{¶ 1} The cause is before this court upon the certification of the court of appeals that its judgment conflicted with the judgment of the Court of Appeals for Cuyahoga County in *In re Adoption of Hupp* (1982), 9 Ohio App.3d 128, 9 OBR 192, 458 N.E.2d 878, and the judgment of the Court of Appeals for Hancock County in *In re Adoption of Jorgensen* (1986), 33 Ohio App.3d 207, 515 N.E.2d 622, upon the following question:

"[W]hether a judgment of the probate court made pursuant to R.C. 3107.07 that the consent of a parent, putative father, or legal guardian of a minor is not required for the adoption of the minor by another is an order that affects a substantial right made in special proceeding and, therefore, is a final order subject to appellate review pursuant to R.C. 2505.02."

{¶ 2} This court answers the certified question in the affirmative. The judgment of the court of appeals is reversed and the cause is remanded to the court

of appeals for further proceedings on the authority of *In re Adoption of Greer* (1994), 70 Ohio St.3d 293, 638 N.E.2d 999, paragraph one of the syllabus.

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., dissents.

—————————