OPINION
{¶ 1} This is an appeal from the probate court's finding thatappellant's consent to the adoption of his daughter is not required.
 {¶ 2} Bryce Francis and Charlotte Smallwood (n.k.a. Wolf) wereinvolved in a relationship which lasted several years. Towards the end ofthe relationship, Smallwood became pregnant with Francis's child. Thechild was born in 1999. Francis provided no support to the mother orchild. He also failed to register with the Ohio Department of Job andFamily Services' putative father registry. The couple separated, andSmallwood married Stephen Wolf in 2001.
 {¶ 3} In January, 2005, Wolf petitioned the probate court to adopt thechild. The probate court held a hearing on April 13, 2005 to determinewhether Francis's consent was required for the adoption to proceed.Francis was served with notice of this hearing on January 28, 2005. Theprobate court found that Francis's consent was not required, pursuant toR.C. 3107.07. Francis filed a timely notice of appeal.
 {¶ 4} A probate court's finding that a putative father's consent isnot required for adoption proceedings is an order which affects asubstantial right and is a final appealable order subject to appellatereview. In re Adoption of Johnson (1995), 72 Ohio St.3d 1217,1995-Ohio-219. Francis, arguing pro se, raises three assignments oferror.
 THIRD ASSIGNMENT OF ERROR
 {¶ 5} "WHETHER A JURIST OF REASON WOULD DEBATE THAT THE PROBATE COURTERRED IN FINDING THAT MR. FRANCIS' CONSENT TO THE ADOPTION WAS NOTREQUIRED UNDER THE CIRCUMSTANCES OUTLINED HEREIN?"
 {¶ 6} Francis argues that the probate court impermissibly "shifted theburden." How that burden was shifted and to what extent he was prejudicedis not explained. Nevertheless, Francis argues that the probate court'sdetermination that his consent was not required was in error.
 {¶ 7} A putative father is defined as a man who may be a child'sfather and: 1) is not married to the mother at birth or conception; 2)has not adopted the child; 3) whom no court or government agency hasdetermined to have a parent/child relationship with the child; and, 4)has not acknowledged paternity of the child. R.C. 3707.01(H).
 {¶ 8} The Department of Job and Family Services maintains a putativefather registry. R.C. 3107.062. That section places all men on noticethat "if a child is born as a result [of sexual intercourse with a woman]and the man is the putative father, the child may be adopted without hisconsent pursuant to [R.C. 3107.07(B)]". R.C. 3101.07(B)(1) states that aputative father's consent to adoption is not required if he fails toregister as the minor child's putative father within 30 days of theminor's birth. In re Adoption of Coppersmith (2001), 145 Ohio App.3d 141,2001-Ohio-1484.
 {¶ 9} A petitioner for adoption must file with the court a certifiedwritten statement from the Ohio Department of Job and Family Servicesthat no man is registered on the putative father registry as the minor'sfather. R.C. 3107.064. Wolf made the required filing, and Francis offeredno contradictory evidence. The probate court properly found that Francis'consent was not required.
 {¶ 10} The assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR
 {¶ 11} "WHETHER A REASONABLE JURIST WOULD DEBATE THAT THERE WASINSUFFICIENCY OF PROCESS?"
 {¶ 12} Francis argues that Wolf failed to serve him with process uponthe filing of his petition. He argues that he was prejudiced by aninability to rebut Charlotte Wolf's testimony that he had never seen hisdaughter.
 {¶ 13} Notice to a putative father of a pending adoption is notrequired if the he fails to register on the putative father registry.Coppersmith, supra. Regardless, the record reflects Francis was servedwith notice of the April 13, 2004 hearing by the sheriff on January 28,2005. Furthermore, he can not complain of prejudice by an inability tocall rebuttal witnesses when the record reflects that, in fact, hiscounsel called two witnesses at the hearing.
 {¶ 14} The assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
 {¶ 15} "WHETHER A JURIST OF REASON WOULD DEBATE THAT MR. FRANCIS WASDENIED DUE PROCESS OF LAW?"
 {¶ 16} Francis argues that he was "prevented from exhibiting fully hiscase due to fraud and deception practiced upon him." He fails to specifyany specific instances of fraud and deception. As a result, we are unableto analyze the merits of his argument.
 {¶ 17} The assignment of error is overruled.
 {¶ 18} The judgment of the probate court will be sustained.
 Brogan, P.J. And Donovan, J., concur.