[Cite as *State v. Hazel*, **2013-Ohio-118.**]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

STATE OF OHIO                                   :
                                                :       Appellate Case Nos. 2011-CA-101
            Plaintiff-Appellee                  :                          2012-CA-22
                                                :
v.                                              :
                                                :       Trial Court Case Nos. 2010-CR-808
MICHAEL HAZEL                                   :                          2012-CR-828
                                                :       (Criminal Appeal from
            Defendant-Appellant                 :        Common Pleas Court)
                                                :

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of January, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
            Attorney for Plaintiff-Appellee

MICHAEL HAZEL, #647-444, Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601
            Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1}    In March 2011, Michael Hazel was convicted on two counts of domestic violence. With the assistance of appellate counsel, he appealed. While the direct appeal was pending, Hazel twice appealed pro se from rulings made by the trial court. Hazel filed a

petition for post-conviction relief, arguing that the jury forms and the indictment are defective because neither states the specific subsection of the domestic-violence statute under which he was charged. The trial court denied the petition without much explanation, and Hazel moved for findings of fact and conclusions of law. Before the court ruled on the findings-and-conclusions motion, Hazel appealed pro se the post-conviction-relief ruling. Soon after the appeal was filed, this Court remanded the case to the trial court to rule on the findings-and-conclusions motion, staying proceedings until the court so ruled. In February 2012, the trial court sustained the findings-and-conclusions motion and adopted the State's proposed findings of fact and conclusions of law. On February 27, 2012, Hazel filed a separate Civ.R. 60(B) motion to vacate his convictions, making the same argument that he did in the petition for post-conviction relief. At the same time, he also filed a motion for leave to file Civ.R. 33 interrogatories directed to the State, concerning the victim's trial testimony. The trial court overruled both motions. Hazel appealed.

{¶ 2}     In Hazel's direct appeal, we previously affirmed his convictions.[1] *See State v. Hazel*, 2d Dist. Clark No. 2011 CA 16, 2012-Ohio-835.[2] Hazel filed an application to reopen his direct appeal and filed a motion to certify a conflict. We denied the application to reopen and overruled the motion to certify a conflict.

{¶ 3}     The appeal from the petition-for-post-conviction-relief ruling was reinstated. Because that appeal and the appeal from the ruling on the Civ.R. 60(B) and Civ.R. 33 motions

---

[1] A modified judgment was affirmed. We sua sponte noted that the trial court had erroneously imposed a 5-year period of post-release control on Hazel. We reduced that period to 3 years.

[2] The details about the offenses are set forth in our opinion. Because they are mostly not relevant to our decision here, we will not reiterate them.

stem from the same case, the two appeals were consolidated. We now review the assignments of error presented in these two appeals.

{¶ 4}    Hazel assigns nine errors. Assignments one through four are presented in his May 17, 2012 brief filed in Case No. 11-CA-0101, and assignments five through nine are presented in his August 7, 2012 brief filed in Case No. 12-CA-22. Eight of the assignments of error allege errors committed by the trial court. They concern Hazel's three post-conviction filings; the petition for post-conviction relief, the Civ.R. 60(B) motion, and the Civ.R. 33 motion. All of the underlying legal issues that Hazel raised in these motions, and now raises again in these eight assignments of error, are issues that he raised or could have raised in the direct appeal. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Therefore res judicata bars Hazel from again raising these issues.[3] The remaining assignment of error alleges that this Court erred by consolidating Hazel's appeals. This issue is not properly before us.

---

[3]  We note that Hazel argues, in both his Petition for Post-conviction relief and his Civ. R. 60(B) "Motion for Void Judgment," that his convictions are void and that the indictment was void for failure to specify the particular statutory subsection in the indictment and in the verdict forms. Recently, in *State v. Billiter*, —— Ohio St.3d ———, 2012–Ohio–5144, the Ohio Supreme Court held that res judicata does not prevent collateral attack of a *sentence* that is void because of improper imposition of post-release control.    The body of case law surrounding the unique post release control issue supports the conclusion that improper imposition of post release control makes that part of a sentence void. However, simply arguing that another type of legal error renders an indictment or conviction "void" does not circumvent res judicata. Even if the arguments Hazel's now asserts had merit, they would only render his indictment and convictions voidable, not void.

{¶ 5}     We also individually address the assignments of error. The first assignment of error alleges that because the State did not respond to Hazel's petition for post-conviction relief it is barred from responding on appeal. Although R.C. 2953.21(D) allows the State to respond to a petition for post-conviction relief within ten days after docketing, or within an extended time the court may fix for good cause, it is well settled that the State is not required to respond. *State v. Hansbro*, 2d Dist. Clark No. 2001-CA-88, 2002-Ohio-2922, 2002 WL 1332297, *2 ("In the first place, the State was not required to file a response to the post-conviction petition, and the trial court did not have to consider the State's response, if any, before ruling on the petition.") Moreover, Hazel cites no authority for the proposition that, if the State does not respond in the trial court, it should be precluded from responding to an appellant's assignments of error on appeal.

{¶ 6}     The fifth assignment of error alleges that the State is also barred from responding on appeal to the Civ.R. 60(B) motion and the Civ.R. 33 motion because it did not respond to either of them in the trial court. Initially, we note that the State did respond to the Civ.R. 33 motion in its March 15, 2012 "Response in Opposition." Moreover, Hazel's Civ.R. 60(B) motion to vacate his conviction is, regardless of how he characterizes it, nothing more than a successive petition for post-conviction relief. The post-conviction relief statute does not contemplate the submission or use of interrogatories because there is no right to discovery in post-conviction proceedings. *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 159, 718 N.E.2d 426 (1999); *State v. Chinn*, 2d Dist. Montgomery No. 16764, 2000 WL 1458784 (Aug. 21, 1998). Furthermore, as noted in the preceding paragraph, there is no authority for the proposition that if the State does not respond in the trial court, it should be

precluded from responding on appeal.

{¶ 7}    The ninth assignment alleges that the trial court erred by allowing the State to file proposed findings of fact and conclusions of law and alleges that the proposed findings were "fraudulent." Hazel bases his argument on the requirement in R.C. 2953.21(D) that the State must respond to a petition for post-conviction relief within ten days, an argument that we rejected above. Hazel further argues that by adopting the State's proposals the trial court committed a fraudulent act because they were filed late and because the court should have made its own findings and conclusions. He cites no case law supporting either proposition and we have found none.

{¶ 8}    More importantly, even if Hazel could prevail on the procedural arguments he has made in support of the first, fifth and ninth assignments of error, he cannot prevail on the underlying legal issues raised in his pleadings because the issues are barred by res judicata. In the post-conviction petition he argued that the verdict forms and the indictment   were legally and constitutionally insufficient because they did not include the specific statutory subsection under which he was charged or found guilty. In the Civ.R. 60 motion, Hazel argued that his convictions were void for precisely the same reasons.   As we noted above, these issues were either raised or could have been raised in the direct appeal, so they are barred by res judicata. We also addressed those issues in our June 27, 2012 Decision and Entry denying Hazel's application to reopen his direct appeal, Case No. 2011-CA-11. There we stated:

> Insofar as the precise offense with which Hazel was charged was clear to him
> and to the jury, based on the language of the indictments, the jury instructions,
> and the verdict forms, the State was not required to list the statutory subsection

on the indictment, nor was the court required to include that information on the verdict forms.

*Decision and Entry*, 4 (June 27, 2012).

**{¶ 9}** The first, fifth, and ninth assignment of errors are overruled.

**{¶ 10}** The second assignment of error again alleges that the verdict forms used at trial are void. The third and fourth assignments of error again repeat the assertion that the indictment is void. The alleged defect in the verdict forms and the indictment is the same: the absence of the specific subsection of the domestic-violence statute under which Hazel was charged. Because these issues could have been raised in the direct appeal, they are barred by res judicata. Moreover, as previously stated, Hazel alleged these same errors in his application to reopen the direct appeal, and we rejected them. *See Decision and Entry* (June 27, 2012).

**{¶ 11}** The second, third, and fourth assignments of error are overruled.

**{¶ 12}** The seventh assignment of error alleges that the State and the trial court committed fraud. The eighth assignment of error alleges that, based on this fraud, Hazel's domestic-violence convictions are unconstitutional. The alleged fraud involves the evidence that supports the element in the domestic-violence statute that the victim be a "family or household member," R.C. 2919.25(A). A "family or household member" includes a "person living as a spouse" who has resided with the offender. R.C. 2919.25(F)(1)(a)(i). Basically, Hazel claims that the victim lied in her testimony on the issue of whether she had been living with Hazel as his spouse at the time he physically harmed her. This issue is plainly barred by res judicata.

**{¶ 13}** Hazel raised the issue of whether the victim was a family or household

member in the direct appeal, and we addressed it in our opinion. The definition of "person living as a spouse" is "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(F)(2). We rejected Hazel's argument that the State failed to present sufficient evidence to establish the "family or household member" element, specifically, that he and the victim were cohabiting. We concluded that, though the victim's trial testimony was "somewhat inconsistent as to her living arrangements," *Hazel*, 2012-Ohio-835, at ¶ 18, "[c]onsidering all of the evidence presented, the jury could have reasonably concluded that Hazel lived with [the victim] and thus was a family or household member for purposes of the domestic violence statute." *Id.* at ¶ 20.

{¶ 14} The seventh and eighth assignments of error are overruled.

{¶ 15} Finally, the sixth assignment of error alleges that this Court erred when it consolidated Hazel's appeals. The proper way to challenge our decision is either with an App.R. 26 application for reconsideration (which must be filed within 10 days of the entry of the order being challenged, App.R. 26(A)(1)(a)) or with an appeal to the Ohio Supreme Court. We add that the Appellate Rules give courts of appeal the discretion to sua sponte consolidate appeals, App.R. 3(B), and that we see no problem with our exercise of that discretion in this case, particularly when the legal issues raised in the appeals are virtually identical.

{¶ 16} The sixth assignment of error is overruled.

{¶ 17} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Lisa M. Fannin
Michael Hazel
Hon. Douglas M. Rastatter