[Cite as *State v. Hazel*, 2018-Ohio-766.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-8 |
| | : | |
| v. | : | Trial Court Case Nos. 2010-CR-808, |
| | : | 2010-CR-827, 2010-CR-828, and |
| MICHAEL HAZEL | : | 2011-CR-49 |
| | : | |
| *Defendant-Appellant* | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of February, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

MARIA L. RABOLD, Atty. Reg. No. 0089080, 443 East Central Avenue, Miamisburg, Ohio 45342
      Attorney for Defendant-Appellant

MICHAEL HAZEL, Inmate No. 647-444, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} This appeal relates to Appellant Michael Hazel's pro se motion for leave to file a motion for a new trial based upon the discovery of new evidence. Hazel's motion, though it asserts and comments upon a number of facts and issues, asserts that he is entitled to such leave because he is not the biological father of a child born to Heather Kunce, that his alleged paternity of Kunce's child was used to enhance his domestic violence convictions from fourth to third degree felonies, that he was unavoidably prevented from discovery of this evidence in time to allow a timely filed motion seeking a new trial, and, as such, he should be allowed to file a motion for a new trial and, ultimately, he should be granted a new trial. The trial court overruled Hazel's motion prompting the pending appeal. Hazel was appointed appellate counsel who filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), with Hazel then filing a pro se brief. We conclude that there are no potentially meritorious appellate issues. The trial court's decision will, accordingly, be affirmed.

## Procedural History

{¶ 2} A recitation of the long and somewhat complicated history of Hazel's case is helpful to an understanding of his newly discovered evidence contention, and why this evidence, from Hazel's perspective, entitles him to a new trial. Hazel's newly discovered evidence has its genesis in Hazel's 2003 conviction for aggravated burglary in Clark No. 03-CR-0592 (2003 case). Hazel, in the 2003 case, was indicted for aggravated burglary, domestic violence, and intimidation of a witness. The victim was Kunce, who, at the time, thought Hazel was the father of her child. The 2003 case was resolved by Hazel's plea

to aggravated burglary with the remaining counts being dismissed. Hazel was sentenced to an agreed upon three year prison term.

{¶ 3} Hazel and Kunce, sometime in 2004, underwent DNA paternity testing which revealed that Hazel was not the father of Kunce's daughter.

{¶ 4} Hazel, thereafter, was indicted in Clark County in four interrelated cases. In Clark No. 10-CR-808, Hazel was indicted for domestic violence, felonious assault, and kidnapping. The domestic violence count included an attached pregnancy specification and an allegation that Hazel had previously been convicted of domestic violence in Clark No. 09-CR-212 and aggravated burglary in the 2003 case. In Clark No. 10-CR-827, Hazel was indicted for domestic violence. The indictment included a pregnancy specification and the assertion that Hazel had previously been convicted of domestic violence in Clark No. 09-CR-212 and aggravated burglary in the 2003 case. Hazel, in Clark No. 10-CR-828, was indicted for domestic violence. The indictment included an attached pregnancy specification and the assertion that Hazel had previously been convicted of domestic violence in Clark No. 09-CR-212 and of aggravated burglary in the 2003 case. Finally, Hazel, in Clark No. 11-CR-49, was indicted on three counts of felonious assault with, evidently, one of the felonious assault counts superseding and replacing the felonious assault count contained in Clark No. 10-CR-808. The indictments involved a common victim, and, based upon this, the trial court, at the State's request, consolidated the four cases under Clark No. 10-CR-808 (2010 cases).

{¶ 5} The consolidated cases proceeded to a jury trial on March 2, 2011. The trial court, based upon the State's concession, granted Hazel's Crim.R. 29 motion for acquittal on all counts except the three domestic violence counts. The jury found Hazel not guilty

of one of the domestic violence counts, but the jury returned guilty verdicts on the remaining two domestic violence counts. Further, the jury found Hazel guilty of the pregnancy specifications, and the jury also separately determined that Hazel had previously been convicted of domestic violence in Clark No. 09-CR-212 and of aggravated burglary involving a family or household member in the 2003 case.

{¶ 6} The State's evidence regarding Hazel's previous domestic violence conviction was established by Hazel's guilty plea in Clark No. 09-CR-212. The State's evidence regarding the aggravated burglary conviction involving a family or household member was provided by Andrew Wilson, the prosecuting attorney in Hazel's 2003 case. Wilson's testimony referenced a bill of particulars prepared for use in the 2003 case. Wilson testified that the bill of particulars indicated that "the underlying offense [supporting an aggravated burglary conviction] was domestic violence, meaning that the victim was a family or household member."

{¶ 7} The trial court imposed Hazel's sentence immediately after the jury's verdicts. The trial court, based upon the pregnancy specifications, had to impose a prison term on both domestic violence convictions. Further, the jury's determination that Hazel had been convicted of domestic violence in Clark No. 09-CR-212 and of aggravated burglary involving a family or household member in the 2003 case made each domestic violence conviction a third, as opposed to a fourth, degree felony. The trial court, with this background in mind, imposed a five year prison term on each count and ordered that the sentences be served consecutively resulting in, of course, a ten year prison term.

{¶ 8} Hazel pursued a direct appeal. We, on March 2, 2012, affirmed Hazel's convictions. *State v. Hazel*, 2d Dist. Clark No. 2011-CA-16, 2012-Ohio-835. Hazel also

filed a pro se petition for post-conviction relief. The trial court dismissed the petition triggering an appeal. We, on January 18, 2013, affirmed the trial court's dismissal decision. *State v. Hazel*, 2d Dist. Clark Nos. 2011-CA-101, 2012-CA-22, 2013-Ohio-118.

{¶ 9} Hazel also filed a pro se petition in the Federal District Court, Southern Dist. of Ohio seeking habeas corpus relief under 28 U.S.C. 2254. Magistrate Judge Merz, on August 15, 2014, issued a Report and Recommendation recommending that Hazel's petition be dismissed. *Hazel v. Warden, Chillicothe Correctional Institution*, Case No. 3:13-CV-332, 2014 WL 4076152 (Aug. 15, 2014). District Judge Black, in response to objections filed by Hazel, referred the case back to Judge Merz for reconsideration. Judge Merz, on September 8, 2014, filed a supplemental Report and Recommendation which once again recommended dismissal of Hazel's habeas corpus petition. *Hazel v. Warden, Chillicothe Correctional Institution*, Case No. 3:13-CV-332, 2014 WL 4417771 (Sept. 8, 2014). Judge Black, on September 24, 2014, accepted Judge Merz's dismissal recommendation. This resulted in the dismissal of Hazel's petition, with Judge Black determining that any appeal from the order of dismissal would be "objectively frivolous."

{¶ 10} This gets us to the motion which generated Hazel's pending appeal. The motion, filed pro se on February 25, 2016, sought leave from the trial court to file a motion for a new trial "on the basis of newly discovered evidence… [that] could not have been produced at trial with reasonable diligence." Hazel's motion includes numerous allegations, but the purported newly discovered evidence is the 2004 DNA test result which established that he is not the father of Kunce's child.

{¶ 11} The trial court, on January 12, 2017, overruled Hazel's motion stating that Hazel's request is "based… on the premise that he could not be guilty of domestic

violence and/or aggravated burglary in [the 2003 case] because he is not the biological father of Kunce's daughter." The trial court further stated that Hazel, by virtue of his guilty plea in the 2003 case, "acknowledged the relationship as putative father for purposes of the… offense of aggravated burglary." The trial court, accordingly, overruled Hazel's motion seeking leave to file a motion for a new trial concluding that Hazel failed "to present any new credible evidence to show that there is a strong probability that the result of a new trial would be different." Hazel, pro se, filed an appeal.

{¶ 12} We appointed counsel to represent Hazel. Hazel's appellate counsel, on August 28, 2017, filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel stated that she could "find no error by the trial court prejudicial to the rights of [Hazel] which may be argued to this court on this particular appeal." Counsel further noted that a number of errors suggested to her by Hazel have no potential merit based upon the doctrine of res judicata. Counsel, specifically, stated that the pending appeal is not a direct appeal, and, thus, "[m]any potential Assignments of Error proposed by [Hazel] are not available on this appeal including but not limited to: adverse pretrial rulings; adverse rulings during trial on objections or motions; jury selection and instructions; plea issues; sufficiency of the evidence; etc." Counsel, consistent with her duty under *Anders* and based upon her receipt of a brief Hazel prepared and sent to her, set forth the following potential errors: the trial court abused its discretion and committed prejudicial error by its failure to "conduct an evidentiary hearing and a *Basurto* test based upon newly discovered evidence"; Hazel's due process and equal rights were violated based upon "prosecutorial misconduct of a witness of the State and misconduct of the jury"; Hazel was denied

effective assistance of counsel based upon trial counsel's "mishandling of evidence" in the 2003 case; the evidence used to enhance Hazel's domestic violence convictions in the 2010 cases was "insufficient because the… enhancement tool was based upon a prior conviction that was not committed against a family or household member"; and Hazel's domestic violence convictions in the 2010 cases should have remained fourth degree felonies.

{¶ 13} We informed Hazel of the *Anders* filing and of his right to file a pro se brief. Hazel, on October 16, 2017, filed a brief with the brief's assignments of error matching the potential errors set forth in the *Anders* brief. Briefing was completed by the State's filing of its brief and Hazel's filing of a reply brief.[1]

## Crim.R. 33

{¶ 14} Crim.R. 33(A)(6) allows a trial court to grant a defendant a new trial when "new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) provides that a motion for a new trial which is based upon newly discovered evidence "shall be filed within one hundred and twenty days after the day upon which the verdict was rendered…" Crim.R. 33(B) further provides that "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an

---

[1] The trial court's January 12, 2017 entry also overruled Hazel's motion for judicial release and a motion for a new trial. We, on April 25, 2017, filed a Decision and Entry excluding from appellate review the trial court's denial of Hazel's motion for judicial release. We did so because denial of such a motion is not a final appealable order. We also noted that Hazel has confirmed that he did not file a motion for a new trial.

order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Thus, a defendant seeking a new trial outside the one hundred twenty day time frame must seek and receive leave of the trial court to file a motion for a new trial. *State v. Tubbs*, 2d Dist. Miami No. 2015-CA-14, 2016-Ohio-842. We review a trial court's Crim.R. 33 ruling under an abuse of discretion standard. *Id.*

**Hazel's Purported Newly Discovered Evidence**

{¶ 15} Hazel's purported newly discovered evidence is the DNA test result establishing that he is not the biological father of Kunce's child. This evidence, by Hazel's reckoning, establishes that in the 2003 case the aggravated burglary was not committed against a family or household member, that, given this, the State, in the 2010 cases, inappropriately used Kunce's family or household member status to enhance the domestic violence convictions from fourth to third degree felonies, and, as such, he is entitled to a new trial in the 2010 cases.

{¶ 16} It is necessary, in order to fully appreciate Hazel's argument, to review how the 2010 domestic violence convictions became third degree felonies. As noted, the jury in the 2010 cases determined that Hazel had previously been convicted of domestic violence in Clark No. 09-CR-212 and of aggravated burglary involving a family or household member in the 2003 case. This finding enhanced the domestic violence convictions from fourth degree felonies to third degree felonies. Specifically, R.C. 2919.25(D)(4) requires such enhancement when a defendant has "previously… pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more…

offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the… offenses…" Aggravated burglary is an offense included under R.C. 2919.25(D)(3). Thus, the jury's determination regarding Hazel's 2009 domestic violence conviction and the 2003 aggravated burglary conviction involving a family or household member make the domestic violence convictions in the 2010 cases third degree felonies.

{¶ 17} Hazel's newly discovered evidence assertions are without any potential merit, and, thus, there is no arguably meritorious appellate argument that the trial court abused its discretion when it denied Hazel leave to file a motion for a new trial upon the basis of newly discovered evidence. Hazel does not explain how he was unavoidably prevented from obtaining the DNA test result regarding Kunce's child until the February 2016 filing of his motion seeking leave to file a motion for a new trial. Any attempted explanation would defy logic since he participated in the 2004 paternity testing. Judge Merz addressed this issue in his initial Report and Recommendation as follows:

> Hazel has offered no excuse for his delay in presenting the new evidence. He obviously knew in 2004 that he was not the father of [Kunce's child] because he has asked this court to compel production of the DNA testing he and… Kunce underwent as to the paternity of the child.

*Hazel v. Warden*, Case No. 3:13-CV-332, 2014 WL 4076152, *28.

Thus, Hazel, without doubt, knew that he was not the biological father of Kunce's child when the 2010 domestic violence charges went to trial making his assertion that the DNA test result is newly discovered evidence without any arguable merit.[2]

---

[2] The State, in the 2010 cases, had to prove that the 2003 conviction involved a family or

{¶ 18} Hazel's pro se brief contains five assignments of error that either relate to his core contention or are not relevant to his newly discovered evidence contention, and, additionally, are barred by res judicata.  There is, given this, no reason to separately discuss Hazel's five assignments of error.[3]

{¶ 19} We, consistent with our duty under *Anders*, have conducted a complete review of the record.  This review has not revealed any potentially worthy appellate issues.

## Conclusion

{¶ 20} We have found no non-frivolous issues for appellate review.  Counsel's motion to withdraw is granted.   The judgment of the Clark County Common Pleas Court is affirmed.

---

household member.  In a domestic violence case, the underlying offense in the 2003 aggravated burglary case, the State may establish the victim's family or household member status in a number of ways with, in the case of a female victim and a male defendant, the defendant's paternity of a child born to the victim being one such method.  Thus, in the 2010 cases, the State was not obligated to prove that Hazel fathered Kunce's child, and Hazel, by pleading guilty in the 2003 case, gave up "his opportunity to put the State to its proof of the underlying domestic violence offense."  *Hazel v. Warden*, Case No. 3:13-CV-332, 2014 WL 4076152, *28.

[3] Hazel's first assignment of error asserts that the trial court erred by not conducting an evidentiary hearing and for not conducting a *Basurto* test.  A trial court is obligated to conduct an evidentiary hearing on a motion seeking leave to file a motion for a new trial if the documents submitted in support of the motion "on their face support [the] claim that [the defendant] was unavoidably prevented from timely discovering the evidence…" *State v. Tubbs*, ¶ 11, quoting *State v. York*, 2d Dist. Greene No. 99-CA-54, 2000 WL 192433 (Feb. 18, 2000), at *2.  Such is not the case here.  The *Basurto* test evidently refers to *United States v. Basurto*, 497 F.2d 781 (9th Cir. 1974) which discusses the due process implications of an indictment obtained by false testimony.  This case has no relevance to the pending appeal.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Andrew P. Pickering
Maria L. Rabold
Michael Hazel
Hon. Douglas M. Rastatter