[Cite as *State v. Hazel*, 2018-Ohio-5274.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-39 |
| | : | |
| v. | : | Trial Court Case Nos. 2010-CR-0808, |
| | : | 2010-CR-0827, 2010-CR-0828, and |
| MICHAEL HAZEL | : | 2011-CR-0049 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of December, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

MICHAEL HAZEL, Inmate No. 647-444, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendant-appellant Michael Hazel appeals from an order of the Clark County Common Pleas Court denying his motion to compel discovery. Because we find no abuse of discretion, we affirm.

### I. Facts and Course of the Proceedings

**{¶ 2}** This is Hazel's fourth appeal from his 2011 conviction for domestic violence. The following history is relevant to the matter. In 2003, Hazel was indicted for aggravated burglary, domestic violence, and intimidation of a witness. The victim in that case, H.K., believed that Hazel was the father of her child.[1] The case was resolved in October 2003 when Hazel entered a guilty plea to aggravated burglary in violation of R.C. 2911.11(A)(1) with the remaining counts being dismissed. Hazel was sentenced to an agreed upon three year prison term.

**{¶ 3}** In 2009, Hazel was again convicted of domestic violence in Clark County, with A.S. being the victim.

**{¶ 4}** This appeal involves Hazel's 2011 conviction for two counts of domestic violence. The victim, M.S., was pregnant at the time of the offenses. During trial, the State introduced evidence that Hazel had been convicted in the 2003 and 2009 cases. Relevant to this appeal, the State introduced the fact of the 2003 conviction through the testimony of the Clark County prosecutor who had tried that case. The prosecutor testified that Hazel pleaded guilty to aggravated burglary and that the underlying offense

---

[1] In an unrelated 2004 paternity case, a DNA test eliminated Hazel as the father. *See Hazel v. Warden*, S.D.Ohio No. 3:13-CV-332 2014 WL 4076152, *26, 28 (Aug. 15, 2014).

involved a family or household member.

{¶ 5} Following the trial, a jury found Hazel guilty of both counts of domestic violence and found that he knew M.S. was pregnant at the time of the offenses. The jury also separately determined that Hazel had previously been convicted of aggravated burglary involving a family or household member in the 2003 case and of domestic violence in the 2009 case.

{¶ 6} At sentencing, the trial court, based upon the knowledge of pregnancy finding, was required to impose a prison term on both domestic violence convictions. Additionally, the jury's determination that Hazel had been convicted of aggravated burglary involving a family or household member in the 2003 case as well as domestic violence in the 2009 case made each domestic violence conviction a third-degree, as opposed to a fourth-degree, felony. R.C. 2919.25(D). The trial court, thus, imposed a five year prison term on each count and ordered that the sentences be served consecutively for a total prison term of ten years.

{¶ 7} Hazel filed a direct appeal from his 2011 conviction. We affirmed the conviction. *State v. Hazel*, 2d Dist. Clark No. 2011-CA-16, 2012-Ohio-835. While his appeal was pending, Hazel filed a pro se petition for postconviction relief, which was denied by the trial court. We also affirmed this judgment on appeal. *State v. Hazel*, 2d Dist. Clark Nos. 2011-CA-101, 2011-CA-22, 2013-Ohio-118. Hazel filed a pro se petition in the Federal District Court, Southern District of Ohio, seeking habeas corpus relief. The petition was dismissed in 2014. *Hazel v. Warden*, S.D.Ohio No. 3:13-CV-332, 2014 WL 4076152 (Aug. 15, 2014).

{¶ 8} In February 2016, Hazel, pro se, filed a motion in the trial court for leave to

file a motion for a new trial.    "Hazel's motion * * * assert[ed] that he [was] entitled to such leave because he [was] not the biological father of a child born to [H.K.], that his alleged paternity of [H.K.'s] child was used to enhance his [2011] domestic violence convictions from fourth to third degree felonies, that he was unavoidably prevented from discovery of this evidence in time to allow a timely filed motion seeking a new trial, and, as such, he should be allowed to file a motion for a new trial and, ultimately, he should be granted a new trial."    *State v. Hazel*, 2d Dist. Clark No. 2017-CA-8, 2018-Ohio-766, ¶ 1.    The motion was overruled.

{¶ 9} By opinion rendered February 23, 2018, we affirmed the trial court's decision denying leave to file a motion for new trial, noting that, as early as 2004, Hazel had knowledge that DNA testing established he was not the biological father of H.K.'s child, and that he failed to "explain how he was unavoidably prevented from obtaining the DNA test result until the February 2016 filing of his motion seeking leave to file a motion for a new trial."    *Id.* at ¶ 17.    Thus, we found that Hazel's motion for leave to file a motion for new trial was not timely and that Hazel had failed to demonstrate that he was unavoidably delayed in filing for such relief.    *Id.*

{¶ 10} On March 12, 2018, Hazel filed a motion to compel, seeking to require LabCorp to produce documents regarding the date and result of the DNA testing performed with regard to H.K.'s child.    The trial court denied the motion, stating that "[t]his case is closed and time for discovery has terminated."    Dkt. No. 128.

{¶ 11} Hazel appeals from the denial of his motion to compel.

## II. Analysis

**{¶ 12}** Hazel's sole assignment of error states as follows:

JUDGE RASTATTER ABUSED HIS DISCRETION WHEN HE OVERRULED MR. HAZEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHOUT CONDUCTING AN EVIDENTIARY HEARING FIRST.

**{¶ 13}** Hazel's contention that the trial court abused its discretion by denying his motion to compel appears to be premised upon his argument that the State, during his 2011 trial, violated his right to due process by failing to provide him with exculpatory evidence, consisting of the DNA test results, as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**{¶ 14}** We begin by noting that, under certain circumstances, it is appropriate for a court to recast a motion that is unambiguously named and presented under a specific rule when the cited rule has no application to the judgment at issue. *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251, ¶ 12 (2d Dist.). While Hazel's filing is captioned as a motion to compel, a reading of his supporting argument demonstrates that Hazel seeks the requested documents solely in order to, once again, attack the validity of his 2011 conviction. Thus, the request, arguably, constitutes another postconviction relief petition.

**{¶ 15}** However, regardless of whether we view this as simply a request for discovery or a subsequent petition for postconviction relief, our standard of review is the same; we must determine whether the trial court abused its discretion. *See State v. Quinn*, 2017-Ohio-8107, 98 N.E.3d 1184, ¶ 20, citing *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27; *Riverside v. State*, 2016-Ohio-2881, 64

N.E.3d 504, ¶ 38, 56 (2d Dist.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} If the filing was simply a motion to compel, there was no basis for discovery as the matter was closed with no pending issues before the trial court at the time the motion was filed. If the pleading was a subsequent petition for postconviction relief, we note that there is no right to discovery in postconviction proceedings in non-capital cases. *State v. Owensby*, 2d Dist. Montgomery No. 27607, 2018-Ohio-2967, ¶ 26, citing *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158, 159, 718 N.E.2d 426 (1999). Thus, at the time the petition was filed, there was no need for or right to discovery.

{¶ 17} We next turn to the claim that the State violated *Brady* by failing to disclose the 2004 DNA testing. *Brady* imposes on the government "the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57, 107 S.Ct. 989, 10 L.Ed.2d 215, (1987), citing *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Brady*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215. Evidence is material under *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *State v. Johnston*, 39 Ohio St.3d 48, 529 N.E.2d 898 (1988), paragraph five of the syllabus. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id*.

{¶ 18} While the record indicates that Hazel was personally aware of the DNA testing at the time of the 2011 trial, there is no evidence in this record that the State had

possession of the test results or that the State had any knowledge that such testing had been conducted. *Hazel*, 2d Dist. Clark No. 2017-CA-8, 2018-Ohio-766, ¶ 17; *Hazel*, S.D.Ohio No. 3:13-CV-332 2014 WL 4076152, *28. Thus, we have no basis upon which to conclude that the State committed a *Brady* violation.

**{¶ 19}** Further, even had the State been aware of the testing, we cannot say that the evidence was material. As we have previously noted with regard to the 2003 conviction, the domestic violence statute did not require the State to prove Hazel was actually the father of H.K.'s child. Instead, the statute permitted the State to submit proof that he was the putative father.[2] The statute also sets forth various other definitions of family or household member. R.C. 2919.25(F).

**{¶ 20}** In any event, "the State was not obliged to prove and did not undertake to prove that Hazel was the natural father of [H.K.'s child]. Instead, it had only to prove that he was convicted of aggravated burglary where the underlying offense was committed against a family or household member. It succeeded in doing that by proving that the underlying offense was domestic violence, that [H.K.] was named in the bill of particulars, and that Hazel pled guilty under those circumstances. Having pled guilty, he waived his opportunity to put the State to its proof of the underlying domestic violence offense." *Hazel*, S.D.Ohio No. 3:13-CV-332, 2014 WL 4076152, *28.

**{¶ 21}** In his motion, Hazel claims that he pleaded guilty in the 2003 case after the

---

[2] "A putative father is defined as a man who may be a child's father and: 1) is not married to the mother at birth or conception; 2) has not adopted the child; 3) whom no court or government agency has determined to have a parent/child relationship with the child; and, 4) has not acknowledged paternity of the child." *In re K.M.S.*, 2d Dist. Miami No. 05CA17, 2005-Ohio-4739, ¶ 7, citing R.C. 3107.01(H). *See also Black's Law Dictionary* 648 (5th Ed. 1983) (defining a putative father as "the alleged or reputed father of" a child).

DNA test was conducted. If true, the fact of the plea would have raised a reasonable inference that the result of the DNA test did not affect the finding that H.K. and he were family or household members. In other words, the evidence regarding whether he was a family or household member might have been predicated upon a fact other than his status as father or putative father. However, the DNA testing was performed regarding a 2004 juvenile case, and the record shows that Hazel entered his plea in 2003. Thus, in order to sustain a conviction, the State only needed to demonstrate that Hazel was the putative father of H.K.'s child at the time of the plea.

{¶ 22} Hazel also contends that he did not understand that when he pleaded guilty in 2003 to the aggravated burglary offense, he was also pleading guilty to the underlying offense involving a family or household member. However, that argument should have been raised in an appeal of the 2003 case. There is no evidence that Hazel took any actions to contest the plea or the conviction, and thus, the 2003 conviction is final.

{¶ 23} We conclude that, without evidence that the State was aware in 2011 of any claim of invalidity regarding the 2003 conviction, there is no basis for relief under *Brady*. We further conclude that the evidence sought to be compelled was not material, as it did not negate the validity of the 2003 conviction and thus did not invalidate the 2011 conviction. Finally, we conclude that Hazel was not entitled to discovery because discovery is not permitted in non-capital postconviction relief proceedings, and there was otherwise no need for discovery, because no proceeding was pending before the trial court. Therefore, we conclude that the trial court did not abuse its discretion in denying the motion to compel. The assignment of error is overruled.

## III. Conclusion

**{¶ 24}** Hazel's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Andrew P. Pickering
Michael Hazel
Hon. Douglas M. Rastatter